Filed 5/16/13  P. v. Baribeau CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Appellant,<br><br>v.<br><br>ROBERT CHARLES BARIBEAU,<br><br>      Defendant and Respondent. | E056653<br><br>(Super.Ct.Nos. FWV1002386 &<br>FWV1102692)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Sara S. Jones, Judge.  (Retired judge of the Orange Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Reversed.

Michael A. Ramos, District Attorney, and Brent J. Schultze, Deputy District Attorney, for Plaintiff and Appellant.

Jeffrey R. Lawrence for Defendant and Respondent.

On October 28, 2010, defendant and appellant Robert Charles Baribeau pleaded guilty to possession of a controlled substance for sale (Health & Saf. Code, § 11378) in case No. FWV1002386 (the drug sales case).  Approximately one year later, he was

1

charged with three counts of possession of matter depicting a minor engaging in sexual conduct (Pen. Code, § 311.11, subd. (a))[1] in case No. FWV1102692 (the child pornography case). Defendant moved to dismiss the child pornography case pursuant to *Kellett v. Superior Court* (1966) 63 Cal.2d 822 (*Kellett*), on the ground that the possession of a controlled substance and the possession of child pornography were all part of a continuous course of conduct and should have been prosecuted together. The trial court initially denied the motion, but later granted it after defendant moved for reconsideration.

The People now appeal and contend that the court erred in granting the motion to dismiss under *Kellett* because the two crimes were not part of the same course of conduct, and because additional investigation was needed before charges could be filed in the child pornography case. We conclude that the child pornography case was not barred by section 654 or *Kellett*, since defendant's possession of child pornography was a separate, distinct crime from his possession of a controlled substance for sale. Thus, we reverse the order granting the motion to dismiss.

FACTUAL AND PROCEDURAL BACKGROUND

On September 23, 2010, four juveniles were shoplifting, and three of the suspects were apprehended by the police. Defendant was identified as the adult who had driven the juveniles to the mall. The police contacted him and asked for his consent to search his car for information to assist identifying the fourth suspect. Defendant agreed. A

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

2

police officer searched his car and found a backpack, which contained a large bag of marijuana. Defendant admitted that the backpack belonged to him. Further search of the car yielded several additional containers of marijuana and ecstasy, two digital scales, a package of small plastic bags, and a pay/owe sheet. The officer seized these items, as well as defendant's laptop computer, two thumb drives, and his cell phone.

A police officer then searched defendant's cell phone for evidence of drug sales and saw images of what he believed to be child pornography, including pictures of juvenile males, both nude and partially clothed. When the police interviewed defendant at the police station, he waived his *Miranda*[2] rights. He admitted to possession of the various drugs, but denied that he was selling it. When asked for the password to his computer, defendant became uneasy and said he wanted advice from an attorney.

The next day, the police officer contacted the crimes against children detail and informed a detective there about the images found on defendant's cell phone. The detective advised him to obtain a search warrant to search defendant's residence. The officer obtained one that day and executed the warrant. The police seized dozens of pornographic DVD's and DVD-R's from defendant's bedroom. All of defendant's electronic devices were sent to the San Bernardino County Sheriff's Hi-Tech Detail to be forensically examined.

On October 10, 2010, a sergeant from the Hi-Tech Detail reported that he forensically examined defendant's cell phone and found images of nude young-looking

---

[2] *Miranda v. Arizona* (1966) 384 U.S. 436.

males and females.  On February 1, 2011, a detective in the Hi-Tech Detail reported that he examined defendant's computer, thumb drives, and media disks.  He found images of young-looking males who "may or may not be under the age of 18."  A copy of all the images was sent to the National Center for Missing and Exploited Children (NCMEC) to be compared to the known child porn victim database.

On September 27, 2010, defendant was charged with three drug offenses in case No. FWV1002386.  He entered a plea agreement on October 28, 2010, and pleaded guilty to one count of possession of a controlled substance for sale.  (Health & Saf. Code, § 11378.)  The court placed him on probation.

Approximately one year later, on October 11, 2011, the People filed a felony complaint alleging three counts of possession of matter depicting a minor engaging in sexual conduct (case No. FWV1102692).  (§ 311.11, subd. (a).)

On February 28, 2012, defendant filed a motion to dismiss the child pornography case under section 654 and *Kellett*.  He asserted that section 654 and *Kellett* barred multiple prosecutions where "the same act or course of conduct play[ed] a significant part."  He argued that the same act or course of conduct played a significant part in the drug sales case and the child pornography case, and that the prosecutor had actual knowledge of both offenses at the outset; thus, the cases should have been joined in the same proceeding.  Defendant contended that the second case (child pornography) should be barred because:  (1) he consented to the search of his car and its contents; (2) he simultaneously possessed the drugs and the pornographic photographs (collectively, the contraband); (3) he possessed the contraband in one location—his backpack; (4) he

4

possessed and controlled the contraband exclusively; (5) he admitted that he possessed the drugs and the cell phone and computer containing pornographic photographs; and (6) the officer was aware of the drugs and the pornographic photographs on the cell phone at the time of the arrest. Defendant also referred to the officer's affidavit for the search warrant, and asserted that both felony complaints alleged the same dates for the commission of both offenses.

The People opposed the motion to dismiss and argued that the child pornography case was not barred by the earlier prosecution since the *Kellett* rule only applies where the offenses are transactionally related, and not just joinable. The People argued that the act of obtaining child pornography had no relation to the drug possession offense. The People further contended that, at the time the drug charges were brought, the prosecutor was unable to move forward with the child pornography charges, since the evidence was still being examined. Finally, the People asserted that the prosecutor was not "truly aware" of the child pornography offenses at the time it filed the first case, because the investigation into those offenses was incomplete, despite due diligence.

After reviewing the papers and hearing arguments from the parties, the court denied the motion to dismiss. The court noted that there was no indication that the People filed the second action to harass defendant, and that the amount of time it took to proceed with it was not the focus of the motion. The court also found that it was not unreasonable for the People to take extra time to evaluate the electronic evidence containing the pornographic images. The court further noted that, although the evidence

5

"developed from the same moment in time," and it was found in the same place (defendant's car), the evidence needed to support each case was different.

Defendant filed a motion for reconsideration. He argued that the prosecution showed a lack of due diligence, in that it had all the evidence of the pornographic pictures on defendant's cell phone, which the police seized on "day one." The People asserted that although the initial police report indicated that the police had found child pornography, the evidence had to be sent off for analysis to be "absolutely sure." In reconsidering the motion to dismiss, the court focused on the probation report in the drug sales case. The report showed that the probation department requested a probation condition which "dealt with pornography." The court noted that such request (which was denied) gave it reason to believe that "in the public domain there was information which would have alerted the prosecution." The court believed that such information "would have been sufficient to proceed." Thus, the court found that the People had not shown due diligence in bringing the possession of child pornography charges, and thereby granted the defense motion to dismiss the child pornography case.

## ANALYSIS

### The Possession of Drugs for Sale and the Possession of Child Pornography Were Not Part of the Same Act or Course of Conduct

The People argue that, although evidence of defendant's drug possession and possession of child pornography was discovered on the same day, defendant did not commit these crimes as part of a single course of conduct. Thus, the court erred in dismissing the child pornography case under section 654 as construed in *Kellett*. In the

6

alternative, the People contend that the exception to the joinder rule established in *Kellett* applied, since the prosecution acted with due diligence, but was unable to proceed on the child pornography case at the outset because it was still investigating those offenses. We conclude that the court erred in dismissing the child pornography case.

A. *Relevant Law*

"Section 654 contains two separate provisions. The first precludes multiple punishment where an act or omission is made punishable by different penal provisions. The second part of section 654 provides that 'an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other.' This second aspect of section 654 is a safeguard against harassment and is not necessarily related to the punishment to be imposed." (*People v. Turner* (1985) 171 Cal.App.3d 116, 123, fn. omitted (*Turner*).)

The leading case is the Supreme Court's decision in *Kellett*. In that case, the defendant pled guilty to a misdemeanor offense of exhibiting a firearm in a threatening manner (§ 417), and was later charged with being a felon in possession of a firearm (former § 12021, now § 29800). (*Kellett*, *supra*, 63 Cal.2d at p. 824.) Both charges arose out of the defendant's arrest on a sidewalk while holding a pistol. (See *People v. Davis* (2005) 36 Cal.4th 510, 557 (*Davis*).) The defendant contended that exhibiting and possessing a pistol constituted a single act and, thus, his prosecution for violating former section 12021 was barred by his earlier conviction of violating section 417. (*Kellett*, *supra*, 63 Cal.2d at p. 824.) The Supreme Court "considered the policy factors underlying the statute and concluded that in order to avoid needless harassment of the

7

defendant and the waste of public funds section 654 should be construed to prohibit successive prosecutions where the first prosecution results in acquittal or conviction and sentence, and the prosecution was or should have been aware of more than one offense in which *the same act or course of conduct played a significant part*. [Citation.]" (*Turner, supra*, 171 Cal.App.3d at p. 123, italics added.) The Supreme Court concluded that the second prosecution in that case was barred, stating: "When, as here, the prosecution is or should be aware of more than one offense in which the same act or course of conduct plays a significant part, all such offenses must be prosecuted in a single proceeding unless joinder is prohibited or severance permitted for good cause. Failure to unite all such offenses will result in a bar to subsequent prosecution of any offense omitted if the initial proceedings culminate in either acquittal or conviction and sentence." (*Kellett, supra*, 63 Cal.2d at p. 827.) "Thus the offenses must be transactionally related, and not just joinable, before the *Kellett* rule applies. [Citation.] '[The] *Kellett* rule requiring joinder of all offenses . . . [is] applicable only where the offenses arise out of the same act, incident, or course of conduct; if the acts or conduct are unrelated, multiple prosecutions are permissible. . . . [Citation.]" (*Turner, supra*, 171 Cal.App.3d at p. 129.)

B. *The Kellett Rule Does Not Apply*

*Kellett* bears no similarity to the instant case. In *Kellett*, the two offenses the defendant was charged with were exhibiting a firearm in a threatening manner (§ 417) and being a felon in possession of a firearm (former § 12021). (*Kellett, supra*, 63 Cal.2d at p. 824.) Both charges arose out of the defendant's arrest on a sidewalk while holding a pistol. (*Davis, supra*, 36 Cal.4th at p. 557.) The second prosecution was barred because

8

the *same act* of holding the *same pistol* played a significant part in both offenses. (*Kellett*, *supra*, 63 Cal.2d at p. 827.) In the instant case, the two offenses defendant was charged with were the possession of a controlled substance for sale and the possession of matter depicting a minor engaging in sexual conduct. These two offenses are unrelated, as they did not arise out of the same act or course of conduct. (See *Turner*, *supra*, 171 Cal.App.3d at p. 129.)

Defendant contends that his possession of drugs for sale and possession of child pornography were "significantly related in that evidence of both crimes was discovered in the same place at the same time and, as such, they both have a great deal of overlapping proof required to meet the elements of these crimes of possession." However, the fact that defendant possessed these two types of "contraband" (as he refers to them) at the same time does not make the possession of them a single act. In *People v. Wasley* (1966) 245 Cal.App.2d 383 (*Wasley I*), the defendant was a passenger in a car that the police pulled over. The police found a guitar case on the rear seat that contained a sawed-off shotgun. They also found a pistol under the front seat on the passenger's side. (*Id*. at pp. 385-386.) The defendant had previously been convicted of a felony. (*Id*. at p. 386.) A jury found him guilty of possession of a sawed-off shotgun (former § 12020, now § 17170) and of being a convicted felon in possession of a concealable firearm (former § 12021). (*Wasley I*, at p. 385.) On appeal, the defendant argued that he suffered double punishment for a single act, in violation of section 654. (*Wasley I*, at p. 386.) The appellate court noted that two separate weapons were possessed, and that the purpose of former section 12020 was to outlaw a class of instruments normally used for criminal

9

purposes (e.g., a sawed-off shotgun). However, the purpose of former section 12021 was to bar a class of persons from possessing concealable weapons. (*Wasley I*, at p. 386.) While the defendant argued that possession of the two weapons was a single act, the court reasoned that possession was not truly an "act." (*Ibid*.) The court did note that if possession of the two weapons was a "course of conduct," the proscription against double punishment would apply. However, the record in that case presented "no suggestion of any single intent or objective in possession of the two very different weapons." (*Id.* at p. 387.) In concluding that section 654 did not prohibit punishment under both sections, the court explained the following: "The weapons were of distinct types. They were carried in distinct sections of the automobile. Their possession was proscribed by separate statutes, serving distinct public purposes. The fact that they were possessed at the same time by one man does not reduce that possession to a single act or a single course of conduct. Defendant's argument, logically extended, would bar separate punishments for him if he had carried in the same pocket a pistol, a bindle of heroin, and a stolen gem, separately acquired, thus violating three statutes [citations]. We find no basis for such an extension of the rule." (*Wasley I*, at p. 387.)

The reasoning of *Wasley I* applies in the instant case. The contraband here was of two distinct types (drugs and child pornography). Their possession was proscribed by separate statutes. The simple fact that the same person possessed the drugs and child pornography at the same time did not "reduce that possession to a single act or a single course of conduct." (*Wasley I*, *supra*, 245 Cal.App.2d at p. 387.)

10

Moreover, the two crimes in the instant case have different and unrelated elements. The possession of drugs for sale charge required proof that defendant possessed one or more of the controlled substances listed in Health and Safety Code section 11378, and that he possessed it for the purpose of selling it. (Health & Saf. Code, § 11378; see *People v. Allen* (1967) 254 Cal.App.2d 597, 603.) The possession of child pornography required proof that defendant knowingly possessed or controlled any matter depicting a person under the age of 18 personally engaging in or simulating sexual conduct. As the People point out, these two offenses have little in common, other than the word "possession." The crimes themselves and the evidence regarding their commission were different. "The evidentiary pictures which had to be painted to prove [the offenses] were sufficiently distinct so as to permit separate prosecutions of the two offenses." (*People v. Martin* (1980) 111 Cal.App.3d 973, 978 (*Martin*).)

Defendant claims that *People v. Wasley* (1970) 11 Cal.App.3d 121 (*Wasley II*), a different case than *Wasley I*, and *People v. Flint* (1975) 51 Cal.App.3d 333 (*Flint*) are similar to the instant case. Those two cases, however, are factually distinguishable from the present case. In *Wasley II*, the court held that the defendant, an ex-convict, could not be separately prosecuted for armed robbery and possession of the weapon used in that robbery. (*Wasley II*, at pp. 122-124.) In *Flint*, the court held that a defendant who was arrested for drunk driving while driving a stolen car could not, after he pleaded guilty to drunk driving, be subjected to a subsequent prosecution for grand theft of the car and joy riding. (*Flint*, at pp. 335-338; see *Martin*, *supra*, 111 Cal.App.3d at p. 977.) In both *Wasley II* and *Flint*, the same instrument was used in the commission of both crimes

11

charged: the gun in *Wasley II* and the stolen car in *Flint*. Here, unlike the situation in both *Wasley II* and *Flint*, there was no common instrument used in the commission of both crimes.

In sum, "[d]ouble prosecution is prohibited when 'the prosecution is or should be aware of more than one offense *in which the same act or course of conduct plays a significant part* . . . . [Citation.]" (*Martin*, *supra*, 111 Cal.App.3d at p. 978.) Since "'the same act or course of conduct'" did not play "'a significant part'" with regard to the crimes here, the *Kellett* rule requiring joinder of all offenses was not applicable. (*Turner*, *supra*, 171 Cal.App.3d at p. 129.) The conduct was unrelated and, therefore, multiple prosecutions were permissible. (*Ibid*.) We also note that there is no indication in the record that the prosecution intended to harass defendant by filing the second prosecution. (See *Id.* at p. 123.)

In light of our conclusion that multiple prosecutions were permissible here, we need not address the People's alternative argument that the exception to the *Kellett* rule applied.

## DISPOSITION

The order granting defendant's motion to dismiss case No. FWV1102692 is reversed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
Acting P. J.

We concur:

MILLER
J.

CODRINGTON
J.

13