Filed 8/1/13  P. v. Gallardo CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

| | |
|---|---|
| THE PEOPLE, | C072817 |
| Plaintiff and Respondent, | (Super. Ct. No. MF033842A) |
| v. | |
| RICHARD ANTHONY GALLARDO, | |
| Defendant and Appellant. | |

This is an appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

Between September 2008 and December 2010, defendant Richard Anthony Gallardo molested the female victim born in September 2003, by rubbing her breasts (count 2), by forcibly rubbing her breasts on two other occasions (counts 3 & 6), and by forcing her to orally copulate him on another occasion (count 7).

Defendant entered a plea of guilty to lewd act upon a child (Pen. Code, § 288, subd. (a); count 2) and three counts of forcible lewd act upon a child (Pen. Code, § 288, former subd. (b); Stats. 2004, ch. 823, § 7, pp. 6294-6295; counts 3, 6, & 7) in exchange for a stipulated sentence of 27 years in state prison (low term of three years on count 2

1

and a consecutive upper term of eight years on counts 3, 6, & 7, each) and the dismissal of the remaining counts.

The court sentenced defendant accordingly. The court awarded 394 actual days and 59 conduct days for a total of 453 days of presentence custody credit.

Defendant appeals. The trial court granted defendant's request for a certificate of probable cause (Pen. Code, § 1237.5).

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.

Defendant filed a supplemental brief. He contends his confession was coerced, requesting that this court review tapes of his confession. He also requests a lesser sentence and notes that the trial court did not provide a statement of reasons for the lower and upper terms.

" '[T]he fact that defendant obtained . . . a certificate of probable cause does not erase [a] waiver and somehow resuscitate a dead issue. . . . Consequently, "[obtaining] a certificate of probable cause does not make cognizable those issues which have been waived by a plea of guilty." ' " (*People v. Turner* (1985) 171 Cal.App.3d 116, 125 (*Turner*).) "[A] guilty [or no contest] plea constitutes an admission of every element of the offense charged and constitutes a conclusive admission of guilt. [Citation.] It waives a trial and obviates the need for the prosecution to come forward with any evidence. [Citations.] A guilty plea thus concedes that the prosecution possesses legally admissible evidence sufficient to prove defendant's guilt beyond a reasonable doubt. Accordingly, *a plea of guilty waives any right to raise questions regarding the evidence, including its sufficiency or admissibility, and this is true whether or not the subsequent claim of evidentiary error is founded on constitutional violations. . . .* [¶] A guilty plea also

2

waives any irregularity in the proceedings which would not preclude a conviction. [Citation.] Thus irregularities which could be cured, or which would not preclude subsequent proceedings to establish guilt, are waived and may not be asserted on appeal after a guilty plea. [Citation.] In other words, by pleading guilty the defendant admits that he did that which he is accused of doing and he thereby obviates the procedural necessity of establishing that he committed the crime charged. In short, a guilty plea 'admits all matters essential to the conviction.' " (*Id.* at pp. 125-126, fn. omitted, italics added.) "[A] guilty plea waives issues involving the admissibility of defendant's extrajudicial admissions or confessions [citations] . . . ." (*Id.* at p. 127.) Having entered a plea of guilty, defendant has waived any challenge to his confession.

In challenging the sentence to which he agreed as part of the plea bargain, defendant is attacking the validity of his plea. Defendant obtained a certificate of probable cause so we reach the merits. (Pen. Code, § 1237.5; *People v. Panizzon* (1996) 13 Cal.4th 68, 74-78 (*Panizzon*); *Turner, supra,* 171 Cal.App.3d at p. 127, fn. 8.) Defendant simply requests a lesser sentence, noting the court did not state reasons for its sentence choices of the lower and upper terms. " 'When a guilty [or nolo contendere] plea is entered in exchange for specified benefits such as the dismissal of other counts or an agreed maximum punishment, both parties, including the state, must abide by the terms of the agreement.' " (*Panizzon, supra,* 13 Cal.4th at p. 80.) Defendant entered his plea in exchange for a stipulated sentence, that is, the low term of three years on count 2 and a consecutive upper term of eight years on counts 3, 6, and 7, each, and for dismissal of three other counts. The court granted the state's motion to dismiss the remaining counts. The state is entitled to its bargain that the court sentence defendant to a stipulated term of 27 years. The court did not err in imposing the lower and upper terms. In any event, there was no objection when sentence was imposed so a challenge to any discretionary choice is forfeited. (*People v. Scott* (1994) 9 Cal.4th 331, 353.)

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

    BLEASE    , Acting P. J.

We concur:

    NICHOLSON    , J.

    HULL    , J.

4