PEEK, P. J.
 

 The state has moved to dismiss defendant’s appeal from a judgment entered on a plea of guilty to an information charging him with a violation of' Penal Code section 4532 (escape), upon the grounds that it was sham, frivolous, and lacking in appellate objective.
 

 Following a denial by this court of defendant’s request for counsel, defendant filed an opening brief in his own behalf. Many of the matters which he raises are wholly outside the record and are before this court only by virtue of appearing in documents filed by him in the trial court and his brief on appeal. At the time of oral argument on said motion defendant was represented by counsel of his own choice who stated, in reply to questions from the court, that defendant had “sufficiently explained his points in the brief,’’ that the appeal was in order, and that it should be disposed of “on the merits.’’ Therefore, rather than disposing of the case on respondent’s motion, as might well be done, the court has chosen to dispose of the issues raised by defendant on their merits.
 

 From the documents mentioned, it appears that defendant was arrested in Nevada on February 17, 1961, and on February 26 was extradited from that state and lodged in the San Joaquin County jail on the charge of robbery, and that while being held on that charge, he and another inmate escaped.
 

 Apparently the first complaint filed by the district attorney on the escape charge was dismissed under Penal Code section
 
 *725
 
 1382 because of the failure of the district attorney to file an information within the statutory period. Subsequently, a second complaint was filed charging defendant with a like offense. On the same date, April 26, an information was filed by the district attorney and the defendant, who was then represented by counsel, waived reading of the information, waived time, and personally entered a plea of guilty to the charge of escape. The charge of robbery was dismissed and at the request of defendant’s counsel, the matter was referred to the probation officer and the cause continued to May 10. On that date the report was received and probation was denied. Defendant was adjudged guilty of the crime charged and sentenced for the term provided by law.
 

 Defendant immediately moved to dismis his counsel and presented to the court a handwritten “Motion for Dismissal,” and filed a “Motion to Proceed in Forma Pauperis.” The latter motion was immediately granted; the former motion was considered by the court and subsequently denied.
 

 Defendant, in his brief, has set forth ten separate contentions. At the outset, he is confronted with the well-established rule that a plea of guilty admits every element of the crime charged and “where judgment has been entered on a plea of guilty,' irregularities not going to the jurisdiction or legality of the proceedings, will not be reviewed.”
 
 (People
 
 v.
 
 Mitchell,
 
 185 Cal.App.2d 507, 508 [8 Cal.Rptr. 319], quoting from 24 C.J.S. §§ 683-684.) Therefore, defendant’s contentions : (1) that the evidence was" insufficient as a matter of law to substantiate the charge of robbery, (2) that the district attorney failed to file an information within the statutory period of time, (5) that the evidence was insufficient to support the conviction of escape, (6) that the information erroneously alleged an escape from the county jail farm, (7) that the information alleged a violation of the wrong section of the Penal Code, (8) that the district attorney committed prejudicial misconduct in prosecuting only the defendant, and (9) that the court passed judgment on the plea occasioned by fraudulent promises of leniency in punishment, are all contentions which must fall under the above-stated rule.
 

 This ease is typical of a growing practice among inmates of our penal institutions who, as noted in
 
 People
 
 v.
 
 Mitchell,
 
 185 Cal.App.2d 507 [8 Cal.Rptr. 319], after pleading guilty to one charge and having others dismissed then attempt to bring themselves within the exceptions above noted,
 

 
 *726
 
 Directing our discussion solely to the attempt by defendant to bring himself within the first exception noted in the
 
 Mitchell
 
 case by raising a jurisdictional question, it is readily apparent from the facts that such ground is wholly untenable. The mere fact that a complaint was filed and later dismissed does not preclude the filing of a second complaint for the same offense. (Penal Code, § 1387;
 
 People
 
 v.
 
 Prewitt,
 
 52 Cal.2d 330 [341 P.2d 1].) Furthermore, if defendant’s fourth contention, that the court prejudicially erred in sanctioning a filing of a second complaint, is an attempt to bring himself within the second exception and argue that he was denied some constitutional right, what we have previously said in the above paragraph is equally apropos here.
 

 If defendant’s final contention that the denial of his motion for dismissal was in some manner also a deprivation of a right, nevertheless it was a motion subsequent to the judgment and hence, since it did not follow the mandatory provisions of section 1201.5 of the Penal Code, was properly dismissed by the court.
 

 For the foregoing reasons, respondent’s motion to dismiss the appeal is denied and the judgment is affirmed.
 

 Sehottky, J., and Pierce, J., concurred.
 

 A petition for a rehearing was denied August 17, 1962, and appellant’s petition for a hearing by the Supreme Court was denied September 26, 1962.