[Crim. No. 12781. Third Dist. May 30, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID LEE TURNER, Defendant and Appellant.

COUNSEL

Howard J. Berman, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Roger E. Venturi and Anthony L. Dicce, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**SPARKS, J.**—Defendant made an unsuccessful motion to dismiss the information on the grounds of double prosecution in violation of Penal Code section 654 as construed by *Kellett* v. *Superior Court* (1966) 63 Cal.2d 822 [48 Cal.Rptr. 366, 409 P.2d 206]. He then pled guilty, obtained a certificate of probable cause and appealed solely on the ground that the trial court erroneously denied the motion. The central question is whether the *Kellett* issue is cognizable on appeal after a guilty plea. We hold that it is. On the merits, however, we find no violation of the proscription against multiple prosecutions and therefore affirm the judgment.

Under a plea bargain struck after his motion to dismiss was denied, defendant pled guilty to six counts of lewd and lascivious conduct upon a child under the age of 14 (Pen. Code, § 288, subd. (a))[1] and two counts of penetration of the genital or anal openings of another person by a foreign object (§ 289, subd. (a)). Seven other counts were dismissed. Defendant was sentenced to 60 consecutive years in state prison. This appeal followed.

## FACTUAL AND PROCEDURAL BACKGROUND

In the afternoon of May 4, 1982, defendant twice became enraged at Tammy, his eight-year-old daughter, once because she was unable to complete a math problem and again when she failed to take out the garbage promptly. In the course of that violent afternoon, defendant grabbed Tammy's hair and threw her around the kitchen. Then he hurled a chair at her. Finally, he pulled down her pants and started stinging her with a cattle prod, an instrument she described as the "hot shot." Defendant stung her three to six times on her behind. The prod left small, dot-like marks on Tammy and caused her to become dizzy and cry. These events gave rise to a felony prosecution in May 1982 for infliction of cruel and inhumane corporal punishment on a child. (§ 273d.) Defendant pled guilty to that crime on July 7, 1982, and the court granted him probation with the condition he serve 11 months in county jail and pay a fine and penalty assessment.

On other various occasions from about January 1, 1982, to and including May 4, 1982, defendant inserted the end of a sewing machine brush in Tammy's vagina and anus, penetrated her vaginal and anal openings with his penis, orally copulated her, and forced her to orally copulate him. Defendant threatened Tammy that if she did not participate in these acts, he

---

[1]Unless otherwise indicated, all statutory references are to the Penal Code.

would hang her upside down from a punching bag. On two occasions defendant carried out that threat and hung Tammy upside down from the punching bag and stung her with the cattle prod. Defendant also forced Tammy to kneel in a corner clothed in panties on a screen surface he had devised and he then stung her with the cattle prod. These sexual offenses lead to a second prosecution commenced in August 1982. In the course of this second prosecution it was discovered that defendant had committed some of these sex offenses against Tammy on May 4, 1982, the same day he inflicted unlawful corporal punishment on her and for which he had earlier been prosecuted.

Defendant's motion to dismiss was premised upon the assertion that "the physical and sexual abuse are part of the same course of conduct and the prosecution was aware of the sexual abuse allegations early in the prior proceedings, . . ." Consequently, so the argument goes, the failure to join the sexual offenses with that earlier prosecution for corporal punishment resulted in a bar to a subsequent prosecution for the related sexual offenses. In support of his motion, defendant's former counsel in the earlier proceeding filed a declaration in this case asserting that "[o]n or about May 24, 1982, the same day the preliminary examination was conducted in [the prior] case, Deputy District Attorney Perkinson informed me that there may be allegations of sexual fondling in connection with the case and that there had been an indication of that in a past offense. Perkinson added that he would inform me if sexually oriented charges would be filed." The record shows that before defendant pled guilty to the corporal punishment charge, a probation officer contacted Deputy District Attorney John Perkinson, who was prosecuting that case, and expressed concern that defendant might be sexually abusing Tammy. The probation officer's suspicion arose from the fact that while defendant was on probation for a 1977 battery of Tammy there had been a report of a molestation incident. In his counterdeclaration, the prosecutor declared that the probation officer "informed me in this conversation that the Defendant had been suspected of sexually abusing his daughter some time in the past (my impression was several years in the past), and, as a result, speculated that similar conduct might be present currently. [The probation officer's] speculation at this time was based solely on this prior investigation as there were no current reports (statements from victim, etc.) to establish a basis for possible recent sexual abuse. . . . [U]p to Defendant's plea on July 7, 1982, nothing further was developed nor communicated that would have led me to initiate further criminal charges against the Defendant." In denying the motion, the court stated that, notwithstanding the communicated concerns of the probation officer, there was no evidence the prosecuting attorney was either aware of, or should have been aware of, any sexual crimes at the time of the first plea.

DISCUSSION

I

■ On appeal defendant renews his contention that the trial court committed prejudicial error in denying his motion to dismiss on grounds of impermissible multiple prosecution in violation of section 654. The People contend defendant's argument is not cognizable on appeal because the claimed error was waived by his plea of guilty. We disagree.

Section 654 contains two separate provisions.[2] The first precludes multiple punishment where an act or omission is made punishable by different penal provisions. The second part of section 654 provides that "an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other." ■ This second aspect of section 654 is a safeguard against harassment and is not necessarily related to the punishment to be imposed. Consequently, "double prosecution may be precluded even when double punishment is permissible." (*Neal* v. *State of California* (1960) 55 Cal.2d 11, 21 [9 Cal.Rptr. 607, 357 P.2d 839].)

■ In *Kellett,* the Supreme Court considered the policy factors underlying the statute and concluded that in order to avoid needless harassment of the defendant and the waste of public funds section 654 should be construed to prohibit successive prosecutions where the first prosecution results in acquittal or conviction and sentence, and the prosecution was or should have been aware of more than one offense in which the same act or course of conduct played a significant part. (63 Cal.2d at pp. 826-827.) Consequently, "[f]ailure to unite all such offenses will result in a bar to subsequent prosecution of any offense omitted if the initial proceedings culminate in either acquittal or conviction and sentence." (*Id.,* at p. 827.) As the high court later recounted in *People* v. *Lohbauer* (1981) 29 Cal.3d 364, 373 [173 Cal.Rptr. 453, 627 P.2d 183], "[u]nless joinder is prohibited or severance permitted for good cause (§ 954), all offenses of which the prosecution is or should be aware which arise out of the same act or course of conduct must be prosecuted in a single proceeding." ■ ■ ■ ■ ■ ■ The usual method of raising an issue under section 654 has been by motion to

---

[2]Section 654 provides: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

dismiss the second proceeding. (*Kellett,* 63 Cal.2d at p. 824; *People* v. *Flint* (1975) 51 Cal.App.3d 333, 335 [124 Cal.Rptr. 269].)[3]

■ ■■■ Section 1237.5 provides the procedure for the perfection of an appeal after a plea of guilty.[4] Under its terms, as a condition precedent to filing an appeal following a guilty plea, the defendant must file a written statement under oath or penalty of perjury showing "reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings." ■ ■■■ The trial court must then "certify any arguably meritorious appeal" by issuing a certificate of probable cause for appeal. (*People* v. *Holland* (1978) 23 Cal.3d 77, 84 [151 Cal.Rptr. 625, 588 P.2d 765].)[5] ■ The section, however, is procedural rather than substantive;

---

[3]In contrast, a claim of double jeopardy or a prior conviction or acquittal must be entered as a specific plea (§ 1016), and is waived if not pled. (*People* v. *Belcher* (1974) 11 Cal.3d 91, 96 [113 Cal.Rptr. 1, 520 P.2d 385].) Defendant's claim does not raise an issue under either of these special pleas. Double jeopardy applies only where the defendant is charged with the violation of the same law or a law so related that conduct prohibited by the first law is necessarily included within conduct prohibited by the second, and vice versa. (*In re Dennis B.* (1976) 18 Cal.3d 687, 691 [135 Cal.Rptr. 82, 557 P.2d 514].) A former acquittal or conviction and sentence will preclude prosecution for the offense charged in the former accusatory pleading, an attempt to commit the same, or for the offenses necessarily included in the charged offense of which the defendant could have been convicted. (§ 1023.) The reason these defenses are entered by separate pleas from one another is that California has, by statute, extended principles of preclusion of multiple proceedings beyond those which apply under constitutional double jeopardy provisions. (§§ 654, 656, 687, 793, 794, 1023, 1101, 1188, 1387.) For example, double jeopardy does not bar prosecution for the same offense in different jurisdictions. (*Bartkus* v. *Illinois* (1959) 359 U.S. 121 [3 L.Ed.2d 684, 79 S.Ct. 676].) But section 656 nonetheless makes a prior foreign conviction or acquittal a bar to a California prosecution.

[4]Section 1237.5 reads: "No appeal shall be taken by defendant from a judgment of conviction upon a plea of guilty or nolo contendere, or a revocation of probation following an admission of violation, except where: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings; and [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the county clerk." This section is "implemented by rule 31(d) of the California Rules of Court which provides section 1237.5's provisions are inapplicable where the appeal is solely based upon grounds 'occurring after entry of such [guilty, or nolo contendere] plea which do not challenge the validity of the plea.' " (*People* v. *Arwood* (1985) 165 Cal.App.3d 167, 172 [211 Cal.Rptr. 307].)

As can be seen, the statute also applies when the defendant has entered a plea of no contest (nolo contendere) or when he admits a violation of probation in a probation revocation proceeding. It does not, however, apply to juvenile court proceedings. Consequently, a minor who admits a juvenile court petition alleging a criminal offense need not secure a certificate of probable cause in order to appeal. (*In re Joseph B.* (1983) 34 Cal.3d 952 [196 Cal.Rptr. 348, 671 P.2d 852].)

[5]Under section 1237.5, "[t]he trial court is empowered to review the statement of the grounds of the appeal to preclude those appeals which raise no issues cognizable after a guilty plea or which raise cognizable issues which are 'clearly frivolous and vexatious . . . .' [¶] It is not the trial court's responsibility to determine if there was an error in the proceedings. . . . Thus, if the statement submitted by the defendant in accordance with section 1237.5 presents any cognizable issue for appeal which is not *clearly* frivolous and vexatious,

it does not operate to expand the issues which may be raised on appeal after a guilty plea. (*People* v. *DeVaughn* (1977) 18 Cal.3d 889, 896 [135 Cal.Rptr. 786, 558 P.2d 872].) Section 1237.5 essentially provides a screening mechanism through which appeals which raise no cognizable issues may be precluded. (*People* v. *Ribero* (1971) 4 Cal.3d 55, 63, fn. 4 [92 Cal.Rptr. 692, 480 P.2d 308].) Accordingly, even if the defendant obtains a certificate of probable cause he will be precluded from raising issues which were waived by his guilty plea. (*People* v. *DeVaughn, supra,* 18 Cal.3d at p. 896.)[6] As we noted in *People* v. *Padfield* (1982) 136 Cal.App.3d 218 [185 Cal.Rptr. 903], "[t]he fact that defendant obtained . . . a certificate of probable cause does not erase [a] waiver and somehow resuscitate a dead issue. . . . Consequently, '[o]btaining a certificate of probable cause does not make cognizable those issues which have been waived by a plea of guilty.'" (*Id.,* at p. 227, fn. 7, citations omitted.) The question then is what are reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings which survive a plea of guilty. This question may be answered by examining the nature of a guilty plea, determining what it admits and what it waives, and thus by a process of elimination, isolating what survives.

■■■ First, a guilty plea constitutes an admission of every element of the offense charged and constitutes a conclusive admission of guilt. (*In re Hawley* (1967) 67 Cal.2d 824, 828 [63 Cal.Rptr. 831, 433 P.2d 919].) It waives a trial and obviates the need for the prosecution to come forward with any evidence. (*People* v. *Martin* (1973) 9 Cal.3d 687, 693-694 [108 Cal.Rptr. 809, 511 P.2d 1161]; *People* v. *Rogers* (1957) 150 Cal.App.2d 403, 415 [309 P.2d 949].) A guilty plea thus concedes that the prosecution possesses legally admissible evidence sufficient to prove defendant's guilt beyond a reasonable doubt. Accordingly, a plea of guilty waives any right to raise questions regarding the evidence, including its sufficiency or admissibility, and this is true whether or not the subsequent claim of evidentiary error is founded on constitutional violations. (*Ibid.*)[7] By pleading guilty a defendant "waive[s] any right to question how evidence had been

---

the trial court abuses its discretion if it fails to issue a certificate of probable cause." (*People* v. *Holland, supra,* 23 Cal.3d at pp. 83-84; italics in original and citations omitted.)

[6]Nevertheless, where the defendant has been induced to enter his guilty plea upon a promise of a certificate of probable cause to raise an issue which is not cognizable, he may attack the plea on appeal on the ground that the plea was improperly induced because it was beyond the power of the trial court to bargain with him to preserve for appellate purposes an issue that is waived by the plea. (*People* v. *DeVaughn, supra,* 18 Cal.3d at p. 896.)

[7]Of course, where an issue is statutorily preserved for appeal after a plea of guilty, such as Penal Code section 1538.5 does with search and seizure questions, then a plea of guilty will not waive appellate review of those questions. But questions which are not preserved by special statutory enactment are waived even though they may arise out of constitutional principles. (See *People* v. *DeVaughn, supra,* 18 Cal.3d at p. 896.)

obtained just as fully and effectively as he waive[s] any right to have his conviction reviewed on the merits." (*People* v. *Gannaro* (1963) 216 Cal.App.2d 25, 29-30 [30 Cal.Rptr. 711].)

A guilty plea also waives any irregularity in the proceedings which would not preclude a conviction. (See *People* v. *Nooner* (1962) 205 Cal.App.2d 723, 726 [23 Cal.Rptr. 355].) Thus irregularities which could be cured, or which would not preclude subsequent proceedings to establish guilt, are waived and may not be asserted on appeal after a guilty plea. (*Ibid.*) In other words, by pleading guilty the defendant admits that he did that which he is accused of doing and he thereby obviates the procedural necessity of establishing that he committed the crime charged. In short, a guilty plea "admits all matters essential to the conviction." (*People* v. *DeVaughn, supra,* 18 Cal.3d at p. 895.) A defendant thereafter can raise only those questions which go to the power of the state to try him despite his guilt. In other words, in the language of the statute, defendant can only raise "grounds going to the legality of the proceedings." (§ 1237.5.)

The United States Supreme Court had occasion to characterize the nature of a guilty plea in a related context in *Blackledge* v. *Perry* (1974) 417 U.S. 21 [40 L.Ed.2d 628, 94 S.Ct. 2098]. There the court considered the issues which may be raised in a federal habeas corpus proceeding by a state prisoner who pled guilty to the charge against him. The court characterized a guilty plea as a " 'break in the chain of events which has preceded it in the criminal process.' " (417 U.S. at p. 29 [40 L.Ed.2d at p. 635], quoting *Tollett* v. *Henderson* (1973) 411 U.S. 258, 267 [36 L.Ed.2d 235, 243, 93 S.Ct. 1602].) Accordingly, the prisoner cannot raise claims of the deprivation of rights which occurred prior to the entry of the plea. (417 U.S. at pp. 29-30 [40 L.Ed.2d at p. 635].) However, this rule does not apply to "the right not to be haled into court at all upon the felony charge." (*Id.,* at p. 30 [40 L.Ed.2d at p. 636].) See also *Mitchell* v. *Superior Court for Cty. of Santa Clara* (9th Cir. 1980) 632 F.2d 767, 772.)

Although the decision in *Blackledge* is not controlling on the issues which may be raised in a state appeal of a conviction upon a guilty plea, its expression of the issues which are not waived is an accurate description of the right to appeal in California. Of course the issues which may be raised on appeal are broader than those which can be redressed through federal habeas corpus proceedings since they include not only constitutional, but jurisdictional and other grounds going to the legality of the proceedings. Nevertheless the concept is the same. A person who pleads guilty to a criminal offense cannot thereafter raise issues relating to his guilt or to the procedures which would otherwise be required to establish his guilt. He may only raise

issues which, if true, would preclude the state from prosecuting him despite his guilt.

California decisional authority illustrates this rule. Thus the appellate courts have held that a guilty plea waives issues involving the admissibility of defendant's extrajudicial admissions or confessions (*People* v. *Pettingill* (1978) 21 Cal.3d 231, 235, fn. 1 [145 Cal.Rptr. 861, 578 P.2d 108]; *People* v. *DeVaughn, supra,* 18 Cal.3d at p. 896), a refusal to compel disclosure of an informant (*People* v. *Barkins* (1978) 81 Cal.App.3d 30, 33 [145 Cal.Rptr. 926]), the sufficiency of the evidence either before the grand jury or at trial (*People* v. *Meals* (1975) 49 Cal.App.3d 702, 706-707 [122 Cal.Rptr. 585]; *People* v. *Warburton* (1970) 7 Cal.App.3d 815, 821 [86 Cal.Rptr. 894]), the validity or nature of a prior conviction (*People* v. *LaJocies* (1981) 119 Cal.App.3d 947, 956-957 [174 Cal.Rptr. 100]; *People* v. *Pinon* (1979) 96 Cal.App.3d 904, 909-910 [158 Cal.Rptr. 425]), the bar of the statute of limitations when the issue is a question of evidence rather than pleading (*People* v. *Padfield, supra,* 136 Cal.App.3d at pp. 226-227), the denial of a collateral estoppel defense (*People* v. *Shults* (1984) 151 Cal.App.3d 714, 718-720 [199 Cal.Rptr. 33]), and the fairness of a pretrial lineup (*People* v. *Stearns* (1973) 35 Cal.App.3d 304, 306 [110 Cal.Rptr. 711]). Procedural irregularities which might compel dismissal but which would not preclude the refiling of the same charges have also been held waived by guilty plea. Thus, by way of illustration, it has been held that a guilty plea waives issues concerning a refusal to postpone the trial (*People* v. *Kaanehe* (1977) 19 Cal.3d 1, 9 [136 Cal.Rptr. 409, 559 P.2d 1028]), the denial of severance (*People* v. *Sanchez* (1982) 131 Cal.App.3d 323, 335 [182 Cal.Rptr. 430]; *People* v. *Hayton* (1979) 95 Cal.App.3d 413, 318 [156 Cal.Rptr. 426], and failure to file an information timely (*People* v. *Nooner, supra,* 205 Cal.App.2d at p. 726).

Conversely, when the grounds relate to the legality of the proceedings but do not challenge the guilt of the defendant or the prosecutor's ability to convict him, those grounds may be urged on appeal under a certificate of probable cause. Thus issues which have been held reviewable after a guilty plea include the right to pretrial diversion of a factually guilty but eligible defendant (*People* v. *Padfield, supra,* 136 Cal.App.3d at p. 228), and the bar to prosecution by a violation of the agreement on detainers act (§ 1389 et seq.). (*People* v. *Reyes* (1979) 98 Cal.App.3d 524, 530-532 [159 Cal.Rptr. 572].) ▮▮ ▮▮▮ Since a factually guilty defendant is entitled to the benefit of counsel, the denial of the right to counsel similarly is not waived by a plea of guilty. (*People* v. *Holland, supra,* 23 Cal.3d at p. 85.)[8]

---

[8]Of course, if the plea itself (as opposed to the procedures which preceded it) is claimed

This distinction between the grounds waived by a guilty plea and those preserved is tellingly illustrated in the speedy trial cases. As the court explained in *People* v. *Hayton, supra,* 95 Cal.App.3d 413, the "essence of a defendant's speedy trial or due process claim in the usual case is that the passage of time has frustrated his ability to establish his innocence. The resolution of a speedy trial or due process issue necessitates a careful assessment of the particular facts of a case in order that the question of prejudice may be determined. [¶] Where a defendant pleads guilty, there are no facts to be assessed. And since a plea of guilty admits every element of the offense charged, there is no innocence to be established. Therefore, the issues raised by appellant are not cognizable on an appeal from a judgment entered upon a guilty plea." (*Id.,* at p. 419, fn. omitted.) On the other hand, where prejudice at trial is not an issue because guilt is irrelevant, the denial of a speedy trial right survives a guilty plea. "The impact of a Penal Code section 1382 [speedy trial] violation on the prosecution of a misdemeanor is, however, quite different. When a felony is dismissed pursuant to section 1382, the prosecution may refile the same charge. Once a misdemeanor has been dismissed pursuant to section 1382, it cannot be filed again. This distinction leads to a different standard of appellate review of speedy trial issues for misdemeanors; a section 1382 error requires reversal and dismissal of a misdemeanor conviction without any showing of prejudice [citations] and has nothing to do with guilt or innocence. Thus, the rationale for the holding that a speedy trial issue is not cognizable following a guilty plea simply does not apply to a misdemeanor conviction." (*Avila* v. *Municipal Court* (1983) 148 Cal.App.3d 807, 812 [196 Cal.Rptr. 286].)

When defendant's motion to dismiss based upon section 654 as interpreted in *Kellett* is viewed under these standards it is apparent that this is precisely the type of question which a guilty plea does not waive. By moving to dismiss under *Kellett,* defendant has in no way protested his innocence of the charges; he merely objects to the right of the state to try him for those offenses, a matter going to the legality of the proceedings. It is "the right not be haled into court at all" that defendant asserts, not his innocence. That ground survives his plea of guilty. As we have noted, the purpose of section 654 and the decision in *Kellett* is to prevent harassment,

---

to be defective, that defect can be raised on appeal under a certificate of probable cause. (See, e.g., *People* v. *DeVaughn, supra,* 18 Cal.3d at p. 896 [plea improperly induced], *People* v. *Laudermilk* (1967) 67 Cal.2d 272, 282 [61 Cal.Rptr. 644, 431 P.2d 228] [defendant insane at time of guilty plea], *Lara* v. *Superior Court* (1982) 133 Cal.App.3d 436, 440 [183 Cal.Rptr. 796] [failure to advise of duty to register as sex offender] and *People* v. *Barlow* (1980) 103 Cal.App.3d 351, 360 [163 Cal.Rptr. 664] [failure to warn of dangers of self-representation].) Similarly, the erroneous denial of a motion to withdraw a plea of guilty can also be raised under a certificate. (*People* v. *Ribero, supra,* 4 Cal.3d at p. 63 [collecting other examples].) We caution, however, that a certificate of probable cause is a condition precedent to an appellate attack on the validity of a guilty plea. (*People* v. *Pinon, supra,* 96 Cal.App.3d at p. 908, fn. 2.)

and to avoid the waste of public funds. (63 Cal.2d at p. 827.) That purpose would be ill-served by a rule which would require a factually guilty defendant to insist upon a trial to establish his conceded guilt in order to preserve for appeal his contention that the state had no right to proceed. Accordingly defendant's contention is cognizable in this appeal.

## II

Since defendant obtained a certificate of probable cause on a cognizable issue, we turn to the merits of his contention that the court erred in refusing to dismiss the information under *Kellett*. As we have noted, when "the prosecution is or should be aware of more than one offense in which the same act or course of conduct plays a significant part, all such offenses must be prosecuted in a single proceeding unless joinder is prohibited or severance permitted for good cause." (*Kellett*, 63 Cal.2d at p. 827.) "The *Kellett* rule, while seeking to prevent harassment of defendants, was bottomed in large part on a concern for avoiding needless repetition of evidence, and for conserving the resources and time of both the state and the defendant." (*People* v. *Tirado* (1984) 151 Cal.App.3d 341, 354 [198 Cal.Rptr. 682].) Thus the offenses must be transactionally related, and not just joinable, before the *Kellett* rule applies. (*Ibid.*) "[T]he *Kellett* rule requiring joinder of all offenses . . . [is] applicable only where the offenses arise out of the same act, incident, or course of conduct; if the acts or conduct are unrelated, multiple prosecutions are permissible. Any other rule would aggravate the harassment of a defendant by requiring the prosecutor 'to throw the book' at him, to prevent him from gaining immunity and to protect the prosecutor from the charge of neglect of duty." (2 Witkin, Cal. Crimes (1985 pocket supp.) Punishment for Crime, § 950, p. 433.) Here the evidence showed that some of the sexual offenses occurred on the same day as the infliction of the unlawful corporal punishment and that they played a significant and interrelated part in the other crime. Yet the evidence also showed that some of the sexual offenses occurred at earlier times and were not related to corporal punishment offense which occurred on May 4, 1982. We need not attempt to untangle those crimes in this case because the finding of the trial court obviated the need to distinguish between related and unrelated offenses. The trial court explicitly found that the district attorney was neither actually aware, nor should he have been aware, of the sexual crimes at the time of the corporal punishment prosecution. That finding is supported by substantial evidence. "The reference in *Kellett* to situations in which 'the prosecution is . . . aware of more than one offense' applies, however, only to intentional harassment, i.e., to cases in which a particular prosecutor has timely knowledge of two offenses but allows the multiple prosecution to proceed." (*In re Dennis B.* (1976) 18 Cal.3d 687, 693 [135 Cal.Rptr. 82, 557 P.2d 514].) The prosecuting attorney knew the

probation officer was concerned that defendant was sexually abusing Tammy but the probation officer had not recounted any facts upon which to determine there was probable cause to believe defendant had in fact committed any cognizable crime. Given this background of prosecutorial awareness, it is clear that there was no evidence that a particular prosecutor actually knew of the multiple offenses in time to prevent a multiplicity of proceedings. The remaining question is whether the prosecution should have known of the multiple offenses, "a question distinct from that of actual knowledge." (*Id.*, at p. 694.) Since there were no police reports then in existence concerning the sexual offenses and no pending prosecution for those offenses, this is not a case of failure to coordinate prosecutorial efforts. This is, instead, a case where the trial court found that the prosecutor bore no affirmative obligation to seek out evidence, especially where a child victim was involved. That finding is also indisputably correct. A prosecutor is not a policeman and his duty is to prosecute crimes, not ferret them out. In the absence of any investigation or pending prosecution of the sexual crimes, there was no reason why the prosecutor should have been aware of them. He is, after all, not omniscient. The *Kellett* rule against multiple prosecutions consequently did not apply in this case and the trial court correctly denied the motion to dismiss.[9]

The judgment is affirmed.

Regan, Acting P. J., and Sims, J., concurred.

Appellant's petition for review by the Supreme Court was denied August 14, 1985.

---

[9]The trial court also found the risk of harassment was outweighed by the risk defendant would escape punishment for the more serious felonies. It further found defendant should be estopped from asserting the section 654 issue. In light of our disposition of the multiple prosecution issue, it is unnecessary to address these additional grounds.