Filed 10/9/13  P. v. Peters CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058705 |
| v. | (Super.Ct.No. RIF1210624) |
| JEROME DWAYNE PETERS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Rex Adam Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Jerome Dwayne Peters was charged by information with kidnapping (Pen. Code, § 207, subd. (a), count 1),[1] making criminal threats (§ 422, count 2), and assault with a deadly weapon (§ 245, subd. (a)(1), count 3). The information also alleged that he personally used a dangerous weapon in the commission of count 2, within the meaning of sections 12022, subdivision (b)(1), and 1192.7, subdivision (c)(23). Defendant entered a plea agreement and pled guilty to count 2 in exchange for the dismissal of the remaining counts and allegations. In accordance with the plea agreement, the court sentenced him to the midterm of two years in state prison. The court also imposed a 10-year restraining order as to the victim, pursuant to section 136.2.

Defendant filed a timely notice of appeal, challenging the sentence and the validity of the plea. He filed a request for certificate of probable cause, which the court denied. We affirm.

## FACTUAL BACKGROUND[2]

On December 14, 2012, defendant and his wife of over 20 years got into an argument because she had been talking to their adult son after defendant had instructed her not to. Defendant and his wife were in the kitchen, and he hit her in the face and knocked her down. He commanded her to get up and sit on the couch. He then got a kitchen knife and told her not to say a word or he would cut her throat. Defendant made

---

[1] All further statutory references will be to the Penal Code, unless otherwise indicated.

[2] Since defendant pled guilty pursuant to a plea agreement, the facts are taken from the preliminary hearing transcript.

2

"back and forth" motions with the knife.  He then ordered her to get dressed and get in the car.

ANALYSIS

After the notice of appeal was filed, this court appointed counsel to represent defendant.  Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493], setting forth a statement of the case, a brief statement of the facts, and identifying one potential arguable issue:  whether the trial court abused its discretion in issuing a 10-year protective order pursuant to section 136.2.

Defendant was offered an opportunity to file a personal supplemental brief, which he has done.  In his brief, defendant makes the following claims:  (1) the trial court stated that "there [were] grounds to strike a kidnapping charge," and it agreed that it would do so "further down the line" but never did; (2) at the preliminary hearing, the prosecutor "led" the witness and "put words in her mouth" when he asked defendant's wife a question and stated, "When the defendant threatened to slice your throat with the knife . . ."; (3) defendant had character witnesses that "would have supported everything [his] son does"; (4) defendant's wife was not properly sworn in at the preliminary hearing; (5) the preliminary hearing transcript was edited to reflect negatively on him; and (6) after the preliminary hearing, his trial counsel did not schedule the next court date until an entire month later.

3

The majority of defendant's claims are based on issues concerning the preliminary hearing.  However, the purpose of a preliminary examination is "to establish whether there exists probable cause to believe that the defendant has committed a felony."  (§ 866, subd. (b).)  Defendant entered a plea agreement and pled guilty to making criminal threats.  "[A] guilty plea constitutes an admission of every element of the offense charged and constitutes a conclusive admission of guilt.  [Citation.]"  (*People v. Turner* (1985) 171 Cal.App.3d 116, 125.)  Thus, any alleged error at the preliminary hearing stage is of no consequence.  Similarly, defendant's claim that the court never struck the kidnapping charge is immaterial since that charge was dismissed pursuant to the plea agreement.

Under *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

<u>DISPOSITION</u>

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
J.

We concur:

RAMIREZ

P. J.

KING

J.

4