Filed 10/15/13  P. v. Wilson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C072739 |
| Plaintiff and Respondent, | (Super. Ct. No. CM035612) |
| v. | |
| SOLOMON ALEXANDER WILSON, | |
| Defendant and Appellant. | |

On November 1, 2011, defendant Solomon Alexander Wilson and Veronica S. took their six-month-old son to the hospital for a rash on his face.  The baby's face was bright pink, irritated and swollen around his nose, mouth, and parts of both cheeks.  His left eye was red.  The medical staff diagnosed the baby's injury as second degree burns as a result of a scald injury.  Defendant lied to Veronica and the police about what had occurred, claiming he thought it was a rash.  Later, defendant claimed that he accidentally splashed hot water onto the baby's face while preparing a bottle.  Medical staff believed the baby would make a complete recovery and have no visible scar.

1

Defendant pled no contest to felony child endangerment in exchange for dismissal of a remaining count and another case (No. SCR87667) with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754 and the prosecutor's agreement not to file a failure to appear charge or an on-bail enhancement. The trial court sentenced defendant to state prison for four years.

Defendant appeals. His request for a certificate of probable cause was denied.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.

Defendant filed a supplemental brief, asserting that evidence of his innocence was not discovered until six months after his conviction. He claims the evidence of his innocence was discovered in a police report which was relied upon by the probation officer in preparing his report and by the parties and court for a factual basis for his plea. Defendant states that he filed a petition for a writ of habeas corpus with this court, raising ineffective assistance of counsel and abuse of discretion by the trial court.[1]

"[A] guilty [or no contest] plea constitutes an admission of every element of the offense charged and constitutes a conclusive admission of guilt. [Citation.] It waives a trial and obviates the need for the prosecution to come forward with any evidence. [Citations.] A guilty plea thus concedes that the prosecution possesses legally admissible evidence sufficient to prove defendant's guilt beyond a reasonable doubt. Accordingly, a plea of guilty waives any right to raise questions regarding the evidence, including its sufficiency or admissibility, and this is true whether or not the subsequent claim of

---

[1]  Defendant filed a petition for a writ of habeas corpus on June 28, 2013, and the petition was denied. (*In re Solomon Alexander Wilson* (July 3, 2013, C074109).)

evidentiary error is founded on constitutional violations. . . . [¶] A guilty plea also waives any irregularity in the proceedings which would not preclude a conviction. [Citation.] Thus irregularities which could be cured, or which would not preclude subsequent proceedings to establish guilt, are waived and may not be asserted on appeal after a guilty plea. [Citation.] In other words, by pleading guilty the defendant admits that he [or she] did that which he [or she] is accused of doing and he [or she] thereby obviates the procedural necessity of establishing that he [or she] committed the crime charged. In short, a guilty plea 'admits all matters essential to the conviction.' " (*People* v. *Turner* (1985) 171 Cal.App.3d 116, 125-126, fn. omitted.) By entering a plea of no contest, defendant has waived any and all claims challenging his guilt. Moreover, in entering his plea, defendant waived his right to appeal other than sentencing error.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


                                            ROBIE            , J.



We concur:



      NICHOLSON      , Acting P. J.



      DUARTE       , J.


3