Filed 5/29/14  P. v. Marchick CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MICHEAL ASHLEY CHILDERS-MARCHICK,<br><br>    Defendant and Appellant. | C075214<br><br>(Super. Ct. Nos. CM039472,<br>SCR93884) |

Appointed counsel for defendant Micheal Ashley Childers-Marchick asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

1

I

The facts are taken from the probation officer's report, which was used to form the factual basis at the time of defendant's plea.

A Chico police officer detained defendant on May 27, 2013, for illegally camping in a park. Defendant did not have identification and gave the officer a false name. While the officer was checking on her identity, defendant ran from the scene; she was arrested the next day.

The People charged defendant in case No. SCR93884 with resisting a peace officer (Pen. Code, § 148, subd. (a)(1)) and providing false information to a peace officer (Pen. Code, § 148.9, subd. (a)).[1] The trial court released her on her own recognizance and issued a bench warrant when she failed to appear. At the time she was on probation in another case.

On August 31, 2013, defendant was visiting her six-year-old daughter at her mother's house. Defendant's mother is the legal guardian of defendant's child. During the visit, defendant argued with her mother and struck her three times in the head with a bottle. Defendant ran from the scene, but police subsequently located her.

The People charged defendant in case No. CM039472 with elder abuse (§ 368, subd. (b)(1)), including allegations that she personally used a deadly weapon (§ 12022, subd. (b)(1)) and caused great bodily injury (§ 368, subd. (b)(2)); possession of more than 28.5 grams of marijuana (Health & Saf. Code, § 11357, subd. (c)); and child endangerment (§ 273a, subd. (b)).

Defendant pleaded guilty to providing false information to a peace officer and elder abuse in return for dismissal of the other charges.

---

[1] Undesignated statutory references are to the Penal Code.

The trial court denied probation and sentenced defendant to three years in prison for elder abuse and a concurrent six months in jail for providing false information to a peace officer. In addition, the trial court awarded 133 days of presentence credit and ordered defendant to pay a $280 restitution fine, a $280 parole revocation fine, a $40 court security fee, a $30 criminal conviction fee for each offense, and victim restitution to be determined later.

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief.

Defendant filed a supplemental brief seeking verification of the victim's age. She claims the victim was not an elder within the meaning of section 368.

"A defendant who has pleaded guilty or nolo contendere to a charge in the superior court, and who seeks to take an appeal from a judgment of conviction entered thereon" must fully and timely comply with section 1237.5 by obtaining a certificate of probable cause. (*People v. Mendez* (1999) 19 Cal.4th 1084, 1088.) The exceptions are: (1) search and seizure issues (§ 1538.5, subd. (m)) and (2) postplea issues, such as sentencing, which do not affect the validity of the plea. (*Mendez, supra*, at p. 1096; *People v. Panizzon* (1996) 13 Cal.4th 68, 74-75.)

Defendant did not obtain a certificate of probable cause pursuant to section 1237.5. Even if she had, she pleaded guilty, which admits all facts, relieving the prosecution of proving the elements of the offense and forfeiting her right to challenge the evidence on appeal. (*In re Chavez* (2003) 30 Cal.4th 643, 649; *People v. Turner* (1985) 171 Cal.App.3d 116, 125-126.) Thus, defendant's contention that the victim did not meet the age requirement to satisfy the elements of her offense was forfeited by her plea.

3

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

                                                  _____MAURO_____, J.

We concur:

_____RAYE_____, P. J.

_____BUTZ_____, J.

4