Filed 1/13/15  P. v. Hall CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D065921 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD233892) |
| JON A. HALL, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Eugenia A. Eyherabide, Judge.  Affirmed.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

An information was filed alleging appellant, Jon A. Hall, robbed a bank and attempted to rob another bank.  It was also alleged that Hall had convictions in 2003 and 1999 for bank robbery.  After Hall pleaded not guilty by reason of

insanity, the court appointed two forensic mental health specialists to examine him. Both determined Hall was sane at the time he committed the offenses. One specialist found Hall " 'has a history of malingering' " and noted a " 'tendency to exaggerate, distort or emphasize psychological symptoms to obtain more desirable treatment or excuse his behavior appears to be an underlying theme throughout his records.' "

Based on differing opinions regarding Hall's competency to stand trial, the trial court found Hall incompetent to stand trial and ordered him to be sent to Patton State Hospital. There, the evaluators found Hall was malingering. The Medical Director at Patton certified Hall's competency and the trial court later signed an order declaring Hall competent to stand trial.

The following month, Hall pleaded guilty to both counts and admitted the allegations. After another forensic mental health specialist found Hall competent, the trial court issued an order finding Hall mentally competent for the probation and sentencing hearing.

At the sentencing hearing, defense counsel asked the court to strike both of Hall's prior strike convictions in consideration of Hall's mental illness; or in the alternative, if the court was not inclined to strike both strikes, counsel asked the court to strike one of the strikes and to sentence Hall to the low term on both counts. After considering the defense motion to strike the priors plus the attachments, the probation report, various psychological evaluations, competency

2

papers, the facts and age of the prior bank robberies, the facts of this case, and Hall's mental health issues, the trial court struck the 1999 prior conviction. The court then sentenced Hall to the midterm for a total term of 17 years, four months.

Hall timely appealed based on the plea and on the sentence or other matters occurring after the plea and obtained a certificate of probable cause.

## DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings below. She presented no argument for reversal, but asked this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Under *Anders v. California* (1967) 386 U.S. 738 (*Anders*), she listed as possible but not arguable issues, whether (1) Hall was properly advised of the consequences of his guilty plea, (2) Hall was advised of and waived his constitutional rights before he pleaded guilty, (3) the trial court should have queried Hall further at the change of plea hearing, (4) the trial court abused its discretion by striking only one of Hall's prior strike convictions, and (5) the trial court gave proper reasons for declining to strike both strike priors.

We granted Hall permission to file a brief on his own behalf. He responded, stating that during the attempted robbery of Chase, he walked out of the bank and left the money on the counter. He also stated that during the Wells Fargo robbery, he took the money believing he worked bank security for the Treasury Department. Hall failed to make any argument showing he is entitled to

3

a reversal; however, based on his statements, he appears to be arguing lack of competency at the change of plea hearing and insufficiency of the evidence. We reject these claims.

Hall entered his plea in open court and responded appropriately to the court's questions. Although Hall stated he had taken medication within the last 24 hours, he indicated there was nothing about the medication that would prevent him from understanding the court proceedings. Counsel concurred. Based on Hall's appropriate and lucid responses, there was no need for the trial court to query Hall any further regarding the medication or his mental health. The trial court advised Hall of his constitutional rights and he properly waived them. The trial court also advised Hall of the consequences of his guilty plea. The record does not support a claim that Hall was anything other than fully cognizant of his actions and statements in making his plea. (*People v. Ravaux* (2006) 142 Cal.App.4th 914, 917-918.) As to any claim regarding the sufficiency of the evidence, Hall's guilty plea "waive[d] any right to raise questions regarding the evidence, including its sufficiency or admissibility, and this is true whether or not the subsequent claim of evidentiary error is founded on constitutional violations. . . . " (*People v. Turner* (1985) 171 Cal.App.3d 116, 125.)

Our review of the entire record under *Wende*, including the possible issues listed by counsel pursuant to *Anders*, has disclosed no reasonably arguable issues on appeal. Competent counsel has represented Hall on this appeal.

DISPOSITION

The judgment is affirmed.

McINTYRE, J.

WE CONCUR:

BENKE, Acting P. J.

McDONALD, J.

5