Filed 10/16/15  P. v. Chavez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063175 |
| v. | (Super.Ct.No. FVI1400446) |
| JOEL CHAVEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Joel Chavez, in pro. per.; and Jean Matulis, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Joel Chavez was charged by felony complaint with one count of first degree burglary. (Pen. Code,[1] § 459, count 1.) The complaint also alleged that defendant had one prior strike conviction (§§ 1170.12, subds. (a)-(d) & 667, subds. (b)-(i)), had served one prior prison term (§ 667.5, subd. (b)), and had one prior serious felony conviction (§667, subd. (a)(1)). On April 24, 2014, the People moved to orally amend the complaint to include grand theft. (§ 487, subd. (a), count 2.) Pursuant to a plea agreement, defendant pled no contest to count 2. He decided to enter the plea agreement so that he would not pick up another strike conviction. The parties stipulated that there was a factual basis for the plea. Defendant also admitted the prior strike conviction. The court dismissed the remaining count and allegations, in accordance with the plea agreement. On July 25, 2014, the court sentenced defendant to the agreed upon term of six years in state prison, which consisted of three years on count 2, doubled pursuant to the prior strike.

On January 16, 2015, defendant filed a petition for resentencing under section 1170.18. The court denied the petition.

Defendant subsequently filed a notice of appeal, challenging the denial of the resentencing petition. We affirm the judgment.

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

FACTUAL BACKGROUND[2]

Defendant and his girlfriend went into the victim's home and stole a 43-inch flat screen television.  The television was recovered and returned to the victim.

DISCUSSION

Defendant appealed and, upon his request, this court appointed counsel to represent him.  Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and one potential arguable issue:  whether, under the circumstances of this case, the court can look behind the record of conviction to establish eligibility for reduction of the current felony offense to a misdemeanor under section 1170.18.  Counsel has also requested this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, which he has done.  In a brief, handwritten letter, defendant asserts his belief that his sentence was excessive.  He states that his committed offense was grand theft (§ 487), which applies when the value of the property taken exceeds $950.  He then states that the property stolen here was worth $449, which would make his offense a misdemeanor.  He further alleges that his offense was not violent, but was a "simple petty theft and misunderstanding."

At the outset, we note that defendant's notice of appeal states that he is appealing from the denial of his Proposition 47 petition.  Thus, he should have raised his claim in a

---

[2]  The factual background is taken from the police report.

direct appeal from the judgment. However, he pled no contest. Section 1237.5 reads: "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere, . . . except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court." The record on appeal does not contain a certificate of probable cause.

Moreover, defendant's claim – essentially, that there was insufficient evidence to support his conviction – has been waived. "[A] guilty plea constitutes an admission of every element of the offense charged and constitutes a conclusive admission of guilt. [Citation.] It waives a trial and obviates the need for the prosecution to come forward with any evidence. [Citations.] A guilty plea thus concedes that the prosecution possesses legally admissible evidence sufficient to prove defendant's guilt beyond a reasonable doubt. Accordingly, *a plea of guilty waives any right to raise questions regarding the evidence, including its sufficiency or admissibility*, and this is true whether or not the subsequent claim of evidentiary error is founded on constitutional violations. [Citation.] By pleading guilty a defendant '[waives] any right to question how evidence had been obtained just as fully and effectively as he [waives] any right to have his conviction reviewed on the merits.' [Citation.]" (*People v. Turner* (1985) 171 Cal.App.3d 116, 125-126, italics added, fn. omitted.) Defendant entered a plea agreement, under which he pled no contest to a charge of grand theft and agreed to a

4

sentence of six years in state prison.  (§ 487.)  In exchange, the People agreed to dismiss the charge of first degree burglary.  (§ 459.)  Defendant acknowledged his understanding that a no contest plea would be treated the same as a guilty plea, for all purposes. (§ 1016.)  Thus, pursuant to the plea, he conceded that the prosecution had sufficient evidence to support his conviction of grand theft.  (*Turner*, at p. 125.)

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
J.


We concur:


RAMIREZ
P. J.


CODRINGTON
J.


5