Filed 8/23/16  P. v. Thomas CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C080227 |
| Plaintiff and Respondent, | (Super. Ct. No. 15F01457) |
| v. | |
| JAMES HENRY THOMAS, | |
| Defendant and Appellant. | |

Defendant James Henry Thomas entered a no contest plea to felony possession of methamphetamine and admitted a strike prior for a court-indicated sentence of four years in state prison.  The trial court sentenced defendant to state prison for the midterm of two years, doubled for the strike prior.

Defendant appeals.  The trial court denied his request for a certificate of probable cause.  (Pen. Code, § 1237.5; undesignated section references are to the Penal Code.)  He contends the trial court failed to exercise its discretion in denying his motion to reduce his felony possession offense to a misdemeanor pursuant to section 17, subdivision (b) (hereafter 17(b)).

1

The People respond that defendant's claim is not cognizable on appeal because his section 17(b) motion occurred prior to entering his no contest plea to possession as a felony. We agree and will dismiss the appeal.

A complaint charged defendant with felony possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), defendant having a prior conviction for an offense (1994 attempted murder) specified in section 667, subdivision (e)(2)(C)(iv). His possession was alleged to have occurred in March 2015. A strike prior (1994 attempted murder) was also alleged. (§§ 667, subds. (b)-(i), 1170.12.) Defendant was held to answer after a preliminary hearing on May 11, 2015, and the complaint was deemed an information.

On July 2, 2015, defendant filed a motion to strike his strike prior or, in the alternative, to reduce the felony possession offense to a misdemeanor pursuant to section 17(b). On July 8, 2015, the first day of jury trial, the trial court denied defendant's motion to strike or to reduce.

The information was amended by interlineation on July 9, 2015, to reflect the attempted murder conviction occurred in 1993 rather than 1994. On July 14, 2015, after jury selection and the trial court denial of defendant's motion to substitute counsel, defendant entered his no contest plea to felony possession and admitted the strike prior for the court-indicated sentence of the midterm of two years, doubled for the strike prior. On September 4, 2015, the court sentenced defendant accordingly.

A defendant may bring a motion to reduce a "wobbler" offense at or before the preliminary hearing or at or after sentencing or upon a grant of probation. (§ 17, subd. (a)(1), (3), (5).) Defendant brought his motion after the preliminary hearing when he was held to answer and before his change of plea and sentencing. It appears the motion was not properly before the trial court at the time it was brought (see *People v. Bloom* (2010) 185 Cal.App.4th 1496, 1500, fn. 2) but, here, it does not matter since following a no contest plea, the issues cognizable on appeal are limited to those "based on 'reasonable

2

constitutional, jurisdictional, or other grounds going to the legality of the proceedings' resulting in the plea." (*People v. DeVaughn* (1977) 18 Cal.3d 889, 895-896.) "Other than search and seizure issues . . . all errors arising prior to entry of a [no contest] plea are waived, except those which question the jurisdiction or legality of the proceedings resulting in the plea." (*People v. Kaanehe* (1977) 19 Cal.3d 1, 9.) A no contest plea "waives any irregularity in the proceedings which would not preclude a conviction." (*People v. Turner* (1985) 171 Cal.App.3d 116, 126.)

Here, defendant's contention that the trial court erred in denying his section 17(b) motion is based on an alleged error occurring prior to his no contest plea. The alleged error does not implicate the jurisdiction or legality of the proceedings resulting in his plea. Thus, the alleged error was waived by his plea and cannot be raised on appeal. Defendant has not raised any other errors on appeal; thus, we will dismiss the appeal.

DISPOSITION

The appeal is dismissed.


      HULL      , Acting P. J.


We concur:


     ROBIE     , J.


     BUTZ     , J.