Filed 1/25/21  P. v. Wilson CA5

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>TREVELL BUCEAN WILSON,<br><br>    Defendant and Appellant. | F080690<br><br>(Super. Ct. No. CR-19-009296)<br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Stanislaus County.  Linda A. McFadden, Judge.

Francine R. Tone, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Peña, Acting P.J., Smith, J. and Snauffer, J.

Appointed counsel for defendant Trevell Bucean Wilson asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. Defendant responded, contending (1) the prosecution failed to present sufficient evidence to support the charges and the alleged enhancements; (2) his great bodily injury enhancement was unlawful because it was an element of the crime; (3) his sentence was excessively harsh; (4) defense counsel was ineffective for taking the case with only two weeks to prepare, being unprepared for trial, failing to bring a *Romero*[1] motion, failing to negotiate a better plea bargain, placing defendant in the position of having to accept an undesirable plea bargain, failing to investigate his claim of prosecutorial misconduct for falsely alleging a prior "strike" conviction, and failing to challenge the denial of a certificate of probable cause; and (5) appellate counsel was ineffective for failing to argue various claims on appeal. Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

## BACKGROUND

On September 29, 2019, defendant hit the victim "over the head with a stick, personally inflicting great bodily injury. [The victim] went to the hospital and had a head injury that had to be closed with sutures and he went back to the hospital several days later to have those sutures removed."[2]

On December 12, 2019, the Stanislaus County District Attorney filed a first amended information charging defendant with elder abuse (Pen. Code, § 368, subd. (b)(1);[3] count 1) and assault with a deadly weapon (§ 245, subd. (a)(1); count 2).

---

[1]      *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

[2]      The parties stipulated to these facts.

[3]      All statutory references are to the Penal Code.

As to count 1, the information also alleged defendant used a deadly weapon (§ 12022, subd. (b)(1)), and as to both counts, it alleged he inflicted great bodily injury (§ 12022.7, subd. (a)). Also as to both counts, the information alleged defendant had suffered a prior serious felony strike conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)) and a prior serious felony conviction within the meaning of section 667, subdivision (a).

On December 16, 2019, the trial court denied defendant's *Marsden*[4] motion for new appointed counsel. The court determined that defendant expressed a desire to represent himself, and it provided him the documentation for a *Faretta*[5] motion. The trial court held a *Marsden* hearing and denied the motion. Defendant did not pursue a *Faretta* motion.

Defendant accused the prosecutor of falsely alleging an extra prior strike conviction to manipulate him. The prosecutor denied trying to manipulate defendant and stated he had filed an amended information to correct the mistake.[6]

Defendant pled no contest to count 2, assault with a deadly weapon, and admitted the great bodily injury allegation.

The trial court sentenced defendant to the agreed-upon sentence of seven years: four years on count 2, plus a three-year bodily injury enhancement. In return, the remaining charges and some other pending cases were dismissed.

On January 28, 2020, defendant filed a notice of appeal. The trial court denied his request for a certificate of probable cause.

---

[4]     *People v. Marsden* (1970) 2 Cal.3d 118.

[5]     *Faretta v. California* (1975) 422 U.S. 806.

[6]     The complaint filed on October 2, 2019, and the information filed on October 31, 2019, both contained two allegations of prior strike convictions.

3.

On April 16, 2020, the trial court denied defendant's motion for resentencing under section 1170, subdivision (d). The court's ruling stated the motion was untimely and the court was without jurisdiction because defendant had appealed. The court also stated there was no merit to defendant's claim that he could not be sentenced for both assault with a deadly weapon and a great bodily injury enhancement because the elements of assault with a deadly weapon do not include great bodily injury. Lastly, the court stated it would not consider resentencing defendant if it were not otherwise prohibited from doing so.

## **DISCUSSION**

Our review of the record demonstrates no arguable issues on appeal, but we note the following.

First, "[a] guilty [or no contest] plea admits every element of the charged offense and constitutes a conviction." (*In re Chavez* (2003) 30 Cal.4th 643, 649.) "It waives a trial and obviates the need for the prosecution to come forward with any evidence. [Citations.] A guilty plea thus concedes that the prosecution possesses legally admissible evidence sufficient to prove defendant's guilt beyond a reasonable doubt. Accordingly, a plea of guilty waives any right to raise questions regarding the evidence, including its sufficiency or admissibility, and this is true whether or not the subsequent claim of evidentiary error is founded on constitutional violations. [Citation.] By pleading guilty a defendant '[waives] any right to question how evidence had been obtained just as fully and effectively as he [waives] any right to have his conviction reviewed on the merits.' " (*People v. Turner* (1985) 171 Cal.App.3d 116, 125–126, fn. omitted.) From the record, we find no reason to question the validity of defendant's plea. Thus, the prosecution had no burden to produce evidence.

Second, personal infliction of great bodily injury is not an element of assault with a deadly weapon or by means of force likely to cause great bodily injury. Indeed, assault may be committed without physical contact. Thus, an assault involving the personal

4.

infliction of great bodily injury is an aggravated assault that merits greater punishment. The trial court did not err in sentencing defendant for both assault and the great bodily injury enhancement.

Finally, we do not find support in the record for defendant's claims of ineffective assistance by either defense counsel or appellate counsel or for misconduct by the prosecutor.

## **<u>DISPOSITION</u>**

The judgment is affirmed.