Filed 12/1/14  P. v. Sconce CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B249136 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A578478) |
| v. | |
| DAVID WAYNE SCONCE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Dorothy L. Shubin, Judge.  Affirmed.

Roger Jon Diamond, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and Timothy M. Weiner, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant appeals from the judgment following revocation of probation after he had previously pled guilty to conspiracy to commit murder (Pen. Code, §§ 182, 187, subd. (a))[1] and after the trial court imposed the mandatory term of imprisonment of 25 years to life.

## CONTENTIONS

1.  After the trial court refused to transfer the proceedings in the instant case, No. A578478, to Judge Smerling for sentencing pursuant to the 1989 plea bargain, all further proceedings in the case were invalid.

2.  The trial court erred by failing to rule on appellant's "motion to dismiss probation."

3.  Holding the probation violation proceedings in California was fundamentally unfair as California lacked jurisdiction and as appellant was being supervised in Montana.  Also, all the events concerning the probation violation had occurred in Montana, and the witnesses and appellant's wife were located there.

4.  Appellant did not violate the terms imposed as conditions of his probation.

5.  The trial court abused its discretion by finding appellant in violation of the terms and conditions of probation and imposing the mandatory state prison term of 25 years to life, in lieu of continuing him on probation.

The contentions lack merit.

## BACKGROUND

Appellant had two cases pending in Los Angeles County Superior Court, the instant case, No. A578478, and an unrelated case, No. A573819.  The cases date respectively, to 1989 and 1987.  They apparently were never consolidated; the trial court considered them in tandem.  Suffice it to state, in 1987, appellant was charged in the unrelated Lamb Funeral Home case, No. A573819, inter alia, with the unlawful disposition of, and improper handling of, human remains, conspiracy counts with respect

---

[1]  All further references to section numbers are to the Penal Code unless otherwise designated.

2

to the unlawful disposition of, theft from, and the mishandling of, human remains, conspiracy to commit assault with a deadly weapon, assault with a deadly weapon, conspiracy to commit robbery and assault with a deadly weapon, robbery, the bribery of witnesses, and the solicitation of two murders.

In 1989, the Office of the District Attorney of Los Angeles County filed the instant information charging appellant with the conspiracy to commit murder, case No. A578478. The facts underlying the instant charge were appellant asked an employee to murder the estranged husband of his brother-in-law's girlfriend. The conspiracy involved a scheme to obtain the proceeds of the estranged husband's life insurance policy. However, after the commission of an overt act in furtherance of the conspiracy, appellant belatedly put an end to the conspiracy by telling the employee and another person not to murder the estranged husband after all.

In 1989, before the Honorable Terry Smerling (Judge Smerling), appellant pled guilty in the unrelated case, No. A573819, to various charges alleged in that information.[2] Other counts in the unrelated case were on appeal. The one count of conspiracy to commit murder in the instant case, No. A578478, was on appeal from the dismissal of the information on a section 995 motion.

While appellate review in the two cases was pending, in 1989, Judge Smerling negotiated the following agreement with appellant. The trial court promised appellant if he pled guilty currently to the counts concerning conspiracy to commit assault with a deadly weapon and robbery, assault with a deadly weapon and robbery and to numerous counts of various Penal Code and Health and Safety Code violations concerning the

---

[2] Appellant has requested this court augment the record with the entire, voluminous superior court file in the instant case. On September 4, 2014, we denied that request and ordered the record augmented with the reporter's transcript of the August 30, 1989, plea proceedings in the unrelated case, No. A573819. The plea proceedings are contained in Exhibit 2 to the return and answer in the petition for a writ of mandate, filed February 22, 1996, in the California Second District Court of Appeal, *David Wayne Sconce v. Superior Court of Los Angeles County* (*The People of the State of California*), No. 2nd Civ. B099912. We take judicial notice of the August 30, 1989, plea proceedings.

3

unlawful interference with human remains, the court would impose an aggregate five-year prison term. Later, if any of the counts presently on review in either case were returned to the trial court, with guilty pleas to all those returned counts, at sentencing, the trial court would impose no further jail or prison terms in either case. Appellant agreed to the plea bargain, and he was committed to state prison by the trial court to serve a five-year prison term.

Later, the information in the instant case, No. A578478, was ordered reinstated. (*People v. Sconce* (1991) 228 Cal.App.3d 693.) The additional counts in the unrelated case, No. A573819, were also now pending before the trial court. The Office of the Los Angeles County District Attorney was unhappy about the disposition in the cases. In the instant case, after appellant had served his prison term, the Office of the District Attorney successfully obtained an order disqualifying Judge Smerling and had the plea bargain set aside on the grounds the plea bargain was unauthorized.

In the meantime, a capital murder charge had been filed in Ventura County. That charge was eventually dismissed.

By 1996, appellant had completed the five-year prison term imposed in the unrelated case and was in prison in Arizona following a conviction for counterfeiting bus tokens or buffet coupons for senior citizens. Appellant had requested extraordinary review of the order setting aside the plea bargain, then filed an action in federal court, which was construed as a petition for a writ of habeas corpus. Eventually, the United States Court of Appeals for the Ninth Circuit issued an unpublished decision entitled, *David Wayne Sconce v. Gil Garcetti*, No. 96-55209, filed on August 29, 1996 (*Garcetti*).

In *Garcetti*, concerning this case, the Court of Appeals for the Ninth Circuit ordered specific performance of the 1989 plea bargain. The court reasoned appellant was entitled to specific performance as the Office of the Los Angeles County District Attorney had delayed until appellant had substantially completed his prison term before it moved to set aside the plea bargain. As the plea bargain was already at least partially executed, the Office of the District Attorney was not entitled to have the plea set aside.

4

At this point, appellant had also filed a petition for a writ for extraordinary review of his claim he was improperly denied his *Arbuckle* rights by Judge Smerling's disqualification in the instant case. (*People v. Arbuckle* (1978) 22 Cal.3d 749, 756-757 (*Arbuckle*) [the general rule is that a defendant is entitled to be sentenced before the trial judge who agreed to his negotiated plea of guilty].) That petition was pending in the California Second District Court of Appeal.[3]

On April 29, 1997, appellant appeared before the Honorable Thomas W. Stoever (Judge Stoever), who now had the instant and the unrelated case pending in his court. In this case, No. A578478, Judge Stoever denied appellant's request for sentencing before Judge Smerling. At that point, appellant agreed to a negotiated plea. Appellant claimed he had knee surgery scheduled in Arizona the following week. For that reason, he wanted the California detainer set aside so he could return immediately to his Arizona prison to obtain the surgery. He wanted to enter into a negotiated plea that day to the charge and to obtain a probationary sentence, the only order the trial court could make in order to conform to the federal order for specific performance.

Appellant entered negotiated pleas before Judge Stoever in the two cases. In the instant case, No. A578478, to avoid waiting for a current probation report, appellant agreed to a lifetime of probation. The prosecutor discovered during the plea negotiation the California Second District Court of Appeal had denied the petition for extraordinary relief concerning the *Arbuckle* issue. Appellant additionally agreed as a condition of the

---

[3]     In his reply brief, appellant asserts in 1991, he filed a petition for a writ of mandate contesting Judge Altman's granting a motion to disqualify Judge Smerling pursuant to Code of Civil Procedure section 170.1. The writ was summarily denied. (*David Wayne Sconce v. Los Angeles County Superior Court* (*The People of the State of California*), No. B060607, and *David Wayne Sconce v. Los Angeles County Superior Court* (*The People of the State of California*), No. S022715.) He claims when his case was transferred to Judge Stoever, he also requested appellant's case be transferred to Judge Smerling. The request for a transfer was denied. Appellant filed a petition for extraordinary review from that order. (*David Wayne Sconce v. Los Angeles County Superior Court* (*The People of the State of California*), No. B111104.) That petition was denied on the date of appellant's plea, April 29, 1997.

5

plea he would waive his right to raise on appeal his claim he was entitled to be sentenced by Judge Smerling, i.e., concerning the *Arbuckle* issue.

Pursuant to the plea bargain, in the instant case, appellant pled guilty to the charge of conspiracy to commit murder pursuant to *People v. West* (1970) 3 Cal.3d 595, 612-613. He agreed he was knowingly, voluntarily and intelligently waiving the requisite constitutional rights (*Boykin v. Alabama* (1969) 395 U.S. 238; *In re Tahl* (1969) 1 Cal.3d 122, 132) and entering his guilty plea on the conditions stated during the plea proceedings. He was advised of all consequences of the plea, and Judge Stoever found a factual basis for the plea in the transcript of the preliminary hearing. As promised, Judge Stoever then granted appellant lifetime probation.[4]

Appellant filed no appeal from the 1997 order granting probation.

After appellant's pleas and the grant of probation, he lived in several other states and was supervised there.

---

[4]     In the unrelated case, No. A573819, in 1997, appellant entered *People v. West* pleas of guilty to counts 58 and 61, soliciting the murder of George Bristol and appellant's grandparents, the Lambs, as well as that of Walt Lewis, a deputy district attorney (§ 653f, subd. (b)), and to counts 62, 63, 64 and 65, charges of influencing the testimony of a witness and offering a bribe to a witness (the jail house informant counts) (§§ 137, subd. (a), 138, subd. (a)).

Previously in 1989, before Judge Smerling, appellant pled guilty to counts 2, 19, 31 through 35, 41 through 44, 47, 50 through 56, 59, and 60 of the information. These counts alleged the unlawful removal of body parts from human remains, mutilation of human remains, theft of articles from human remains awaiting interment, multiple cremation of, and commingling of, human remains and the failure to inter human remains within a reasonable period of time (Health & Saf. Code, §§7051, 7052, 7054.7, subds. (a)(1) and (a)(2), 7103), conspiracy to unlawfully interfere with human remains and the theft of articles from dead bodies (§§ 182, subd. (1), 642; Health & Saf. Code, §§ 7051, 7052), two counts of conspiracy to commit felonious assault (§§ 182, subd. (1), 245, subd. (a)(1)), conspiracy to commit felonious assault and robbery (§§ 182, subd. (1), 245, subd. (a)(1), 211), three counts of felonious assault and one count of robbery (§§ 245, subd. (a)(1), 211), grand theft of an automobile (former § 487, subd. (3), now subd. (d)(1)) and receiving stolen property (§ 496).

6

In 2006, appellant moved to Montana. He was supervised as a probationer in Montana pursuant to the Uniform Act for Out-of-State Probationer or Parolee Supervision (§§ 11175 et seq.) or the Interstate Compact for Adult Offender Supervision (§§ 11180 et seq.).

In 2011, the Office of the Los Angeles County District Attorney was notified appellant had pled guilty to a federal firearms offense, possessing a stolen firearm, in violation of title 18 of United States Code section 922(j).[5] The trial court preliminarily revoked probation, and appellant was removed pursuant to the interstate compact from Montana and appeared before the trial court in Pasadena.

On May 6, 2013, before the Honorable Dorothy L. Shubin, the trial court held probation violation proceedings in the current case. Appellant admitted he had pled guilty to the federal firearms offense. After listening to appellant's explanation of the facts underlying the federal plea and counsels' arguments regarding continuing appellant on probation, the trial court found appellant in violation of probation, formally revoked probation and imposed the mandatory prison term of 25 years to life.

**DISCUSSION**

1. *The contention all proceedings were invalid following the denial of appellant's request to be transferred to Judge Smerling for sentencing.*

Appellant contends all proceedings in this case were invalid following the trial court's refusal to put into effect the federal order requiring specific performance of a 1989 plea bargain, including that appellant should have been permitted to plead guilty in the instant case pursuant to terms of the 1989 plea bargain and be sentenced by Judge Smerling pursuant to the decision in *Arbuckle*, *supra*, 22 Cal.3d 749.

The issue is not cognizable in this appeal.

---

[5] Title 18 Unites States Code section 922(j) provides in pertinent part, as follows: "(j) It shall be unlawful for any person to receive, possess, conceal, store, barter, sell, or dispose of any stolen firearm . . . , or pledge or accept as security for a loan any stolen firearm . . . , which is moving as, which is a part of, which constitutes, or which has been shipped or transported in, interstate or foreign commerce, either before or after it was stolen, knowing or having reasonable cause to believe that the firearm . . . was stolen."

7

An order granting probation is identified in section 1237 as a "final judgment" for purposes of taking an appeal. (*People v. Howard* (1997) 16 Cal.4th 1081, 1087.) In general, an appealable order that is not appealed becomes final and binding and may not subsequently be attacked on an appeal from a later appealable order or judgment. (See *In re Meranda P.* (1997) 56 Cal.App.4th 1143, 1150.) A defendant who elects not to appeal from the order granting probation cannot later raise claims of error arising prior to the order granting probation and after the trial court orders revocation of probation and imposes judgment. (*People v. Valdez* (1967) 251 Cal.App.2d 573, 574; *People v. Glaser* (1965) 238 Cal.App.2d 819, 820-824; see § 1237; *People v. Gonzales* (1968) 68 Cal.2d 467, 470; *People v. Ramirez* (2008) 159 Cal.App.4th 1412, 1421.)

In making this contention, appellant is attempting to attack the validity of his 1997 plea or raise issues determined prior to the entry of the order granting probation. However, after his 1997 negotiated guilty plea, no appeal was taken from the order granting probation. The failure to appeal from the order granting probation estops him from claiming error with respect to orders made before the order or at the time of his plea. Review on this appeal, from the judgment, is restricted to the proceedings in connection with the revocation of probation and imposition of sentence.

The issuance of a certificate of probable cause pursuant to section 1237.5 does not operate to expand the grounds upon which an appeal may be taken as that section relates only to the procedure in perfecting an appeal from a judgment based on a plea of guilty. (See *People v. DeVaughn* (1977) 18 Cal.3d 889, 895-896; *People v. Voit* (2011) 200 Cal.App.4th 1353, 1364 (*Voit*).)

Appellant also claims the refusal to transfer him to Judge Smerling for sentencing in the instant case amounts to a denial of appellant's federal right to due process. He argues he was entitled to sentencing before Judge Smerling as an exercise of his *Arbuckle* rights in this case as such a result is implicit within the order of the Ninth Circuit requiring specific performance of the plea bargain. We reject the point at the threshold as not properly raised: defendant perfunctorily asserts the claim without reasoned argument or citations to legal authority in support. (*People v. Marshall* (1990) 50 Cal.3d 907, 945,

8

fn. 9; *People v. Bonin* (1989) 47 Cal.3d 808, 857, fn. 6; *People v. Windham* (2006) 145 Cal.App.4th 881, 893, fn. 8.)[6]

---

[6]     In his reply brief and/or at oral argument, appellant raised new arguments concerning a due process claim and the validity of his plea. He asserts that once he was refused sentencing before Judge Smerling, the trial court and the deputy district attorney fashioned a plea bargain that confronted him with a Hobson's choice. In order to obtain relief on *Arbuckle* grounds from the orders refusing his requests for sentencing by Judge Smerling, he had to agree to set aside the plea bargain, go to trial, and then appeal from the judgment. He urges such an option impermissibly denied him his federal right to due process as it required he refuse any benefits he had obtained from the Ninth Circuit's order for specific performance. Also, the grant of probation was dependent upon his guilty plea in his case. On these grounds, he then claims his plea, which included the waiver of his right to appeal the *Arbuckle* issue, was coerced, and he received only one-half of the benefit he rightfully could expect from the Ninth Circuit's order. He claims his alternatives at the time of the plea gave him two choices, both of which were improper in the circumstances. He argues that the waiver of his right to appeal the *Arbuckle* claim was involuntary as it was a condition of the plea bargain for which there was no quid pro quo bargaining. He claims his right to the specific performance ordered by the Ninth Circuit was "eroded" by the manner in which the trial court and the deputy district attorney handled the case.

In his reply brief, appellant also asks this court to decide whether Judge Smerling was properly disqualified from hearing the case in 1991 and whether that decision is consistent with the order from the United States Court of Appeals for the Ninth Circuit unpublished opinion in the matter entitled, *David Wayne Sconce v. Gil Garcetti*, No. 96-55209, filed on August 29, 1996. He urges if the trial court's order was appropriate, the judgment should be set aside, he should be remanded to the trial court for further proceedings and permitted to withdraw from the plea bargain and then he should be allowed to proceed to trial on the conspiracy to commit murder charge.

We decline to address these new claims and arguments as they are only belatedly raised in appellant's reply brief or during oral argument. (*People v. Duff* (2014) 58 Cal.4th 527, 550, fn. 9; *Kinney v. Vaccari* (1980) 27 Cal.3d 348, 356, fn. 6.)

Furthermore, were we to address these issues, we would find a voluntary, knowing and intelligent negotiated plea and waiver of the right to appeal appellant's *Arbuckle* issue and no violation of appellant's federal due process right to an impartial judge. (*People v. Panizzon* (1996) 13 Cal.4th 68, 80, 84 ["To be enforceable, a defendant's waiver of the right to appeal must be knowing, intelligent, and voluntary"]; *People v. Vargas* (1993) 13 Cal.App.4th 1653, 1659 ["express waiver of the right to appeal made pursuant to a negotiated plea agreement is valid providing defendant's waiver is

2. *The motion to dismiss probation.*

Appellant contends the trial court erred by failing to rule on his motion to terminate his probation.

Appellant makes no record reference to the motion to terminate probation. We assume appellant is referring to the "motion to dismiss probation," filed on March 5, 2004. Hearing on the motion was apparently set for August 12, 2004. The Office of the District Attorney filed a response to the motion. We have no reporter's transcript of the hearing on August 12, 2004. Neither appellant nor his counsel was present at the August 12, 2004, hearing. The minute order for that hearing states the following: "Probation is continued on the same terms and conditions. [¶] Defense counsel is informed telephonically that the transcripts are available for his review. [¶] Motion to dismiss probation to be placed on calendar after his review of the transcripts." In the next

---

knowing, intelligent and voluntary"]; *People v. Turner* (1985) 171 Cal.App.3d 116, 124-128 [issues foreclosed by guilty plea]; *Voit, supra,* 200 Cal.App.4th at pp. 1364-1369 [general discussion of scope of an appeal after a guilty plea]; see generally *People v. Cowan* (2010) 50 Cal.4th 401, 455-458 [disqualification of judicial officer]; *People v. Guerra* (2006) 37 Cal.4th 1067, 1111, overruled in part on another point by *People v. Rundle* (2008) 43 Cal.4th 76, 151 [disqualification of judicial officer]; *People v. Panah* (2005) 35 Cal.4th 395, 444-447 [disqualification of judicial officer].) We would also find to the extent appellant's new 1997 plea might contain new elements beyond those involved in the earlier 1989 plea bargain, appellant voluntarily agreed to any deviations from the earlier plea bargain for the purpose of lifting the California detainer so he could return to Arizona immediately for knee surgery. Defendants do not have an independent federal constitutional right to have the same trial judge who took a plea also sentence them. (*People v. McIntosh* (2009) 177 Cal.App.4th 534, 540-542 [a defendant's right to sentencing by the trial court taking the plea is only a "contractual right" found in the express or implied terms of the plea bargain]; *Taylor v. Bowersox* (8th Cir. 2003) 329 F.3d 963, 967-969 [there is no independent federal constitutional right to be sentenced by the same judge who took a guilty plea and no federal constitutional provision guarantees such a right]; see *Davis v. Woodford* (9th Cir. 2006) 446 F.3d 957, 960-963.) We would also find we cannot address appellant's *Arbuckle* claim on appeal. That point is foreclosed as in 1997, appellant entered a superseding, voluntary, negotiated plea of guilty that fully implemented the decision issued by the Ninth Circuit in *Garcetti*.

10

minute order in our record, January 11, 2005, there is no reference to the motion to dismiss.

Appellant contends it was error for the trial court to fail to rule on the motion. The contention is meritless.

"We follow the long-established rule that where a court, through inadvertence or neglect, neither rules nor reserves its ruling, the party who objected or made the motion must make an effort to have the court actually rule, and that when the point is not pressed and is forgotten the party will be deemed to have waived or abandoned the point and may not raise the issue on appeal. [Citations.]" (*People v. Brewer* (2000) 81 Cal.App.4th 442, 461-462.) "This is an application of the broader rule that a party may not challenge on appeal a procedural error or omission if the party acquiesced by failing to object or protest under circumstances indicating that the error or omission probably was inadvertent. [Citations.]" (*People v. Braxton* (2004) 34 Cal.4th 798, 813-814.)

It appears here the trial court left it up to appellant and his trial counsel to initiate further action on the motion after looking over the progress report proceedings of August 12, 2004. Neither appellant nor his counsel was present at the August 12, 2004, hearing. Having failed to follow through by later recalendaring the motion so as to obtain a ruling, appellant has forfeited this point on appeal.

3. *Holding the probation violations proceedings in Montana*.

Appellant contends the probation hearing should have taken place in Montana, not California, either because California lacks jurisdiction or, even if it had jurisdiction, all the activities took place in Montana and probation had been transferred there (at least for supervision).[7]

---

[7] Appellant makes a shotgun contention concerning appellant's removal from Montana for the California probation violations proceedings. Appellant argues California had no jurisdiction over appellant. He makes what resembles an argument concerning the proper venue, complaining the proper place for the probation violation hearing was in Montana, the location where the violation occurred and where appellant and all the witnesses resided. He makes a claim the removal to California was "fundamentally unfair" and "inconsistent with the interstate compact regarding the supervision of

11

It is settled that under the agreement in the interstate compacts the sending state retains jurisdiction over an out-of-state probationer and can remove probationers from the receiving state in the event of a probation violation. (§§ 11175 et seq. and §§ 11180 et seq.; *In re Albright* (1982) 129 Cal.App.3d 504, 510-511; see also *In re Marzec* (1945) 25 Cal.2d 794, 799; *In re Tenner* (1942) 20 Cal.2d 670, 678.) A hearing with specified rights is required before the probationer's removal to the sending state. (See § 11180, concerning the Interstate Compact for Adult Offender Supervision and the rules for Adult Offender Supervision at http://www.interstatecompact.org.) Appellant had such a hearing on February 24, 2011, before his removal to California. At the Montana hearing, there was a preliminary finding of a violation of probation.

Appellant made no specific complaint during the California probation violation proceedings that he was being deprived of a valid defense to the violation as he was unable to secure certain testimony at the hearing. At the California hearing, appellant did not admit he was in violation of probation. But he did admit he had suffered a conviction of a federal firearms offense in a Montana federal court. The trial court's comments at the probation violation hearing indicate it was well aware of the probation officer's recommendation. On this record, appellant was properly removed to California for probation violation proceedings in this state.

As for the other claims appellant raises in this contention, we deem them forfeited. " '[E]very brief should contain a legal argument with citation of authorities on the points made. If none is furnished on a particular point, the court may treat it as waived, and pass it without consideration. [Citations.]' (. . .[see] *People v. Ashmus* (1991) 54 Cal.3d

---

probationers." He complains the lenient sentence imposed by the Montana federal court demonstrates the California authorities disregarded Montana community values by treating this federal gun offense so severely. He argues the trial court's failure to sign the California probation report indicates the trial court did not read and consider the probation officer's recommendation of six months in the county jail, with an order continuing appellant on probation. Appellant argues his probation violation arose from his desire to protect his dog from the local wild wolves. He complains the punishment for his transgression is far too harsh.

932, 985, fn. 15; *Duncan v. Ramish* (1904) 142 Cal. 686, 689-690.)" (*People v. Stanley* (1995) 10 Cal.4th 764, 793.)

4. *The contention appellant did not violate the terms imposed as conditions of his probation.*

Appellant claims he was told the terms and conditions of probation were that he "violate no state law." He contends that since his violation was of a federal law, he cannot be violated in the instant violation proceedings as the law he violated was a "federal law." He argues he was only convicted of possessing a stolen firearm, not of being a felon in possession of a firearm. And he quibbles over his guilt of the federal offense, claiming that when appellant possessed the firearm, it was not stolen, and no proof was presented during any proceeding that the rifle he purportedly possessed was operative.

a. *Background.*

During the oral proceedings constituting the order granting probation, the trial court imposed inter alia, the following terms and conditions of probation. Appellant was ordered to "*obey all laws, orders, rules and regulations of the probation department . . . and of this court.*" (Italics added.) Appellant was also told he could "not own, use or possess any dangerous or deadly weapons."

During the 1997 plea proceedings, the trial court advised appellant concerning these terms and conditions of probation. At that time, it told appellant he could "not own, use or possess any dangerous or deadly weapons," and he would be required to *obey all laws, orders, rules and regulations of the probation department of this court and any state in which* [*appellant*] *resides . . . .*" (Italics added.) Appellant said he understood these terms and conditions.

During his plea, after being advised as to the specific conditions of probation, appellant raised the issue that he liked to go deer and duck hunting. He inquired whether he was now prohibited from participating in such activities. He added, "I go to Oregon and it's a seasonal thing." After counsel commented, the trial court told appellant it had concluded the weapons condition was appropriate.

13

The minute order evidencing the plea proceedings of April 29, 1997, also contained a written recitation of the terms and conditions of probation. It stated that appellant was to "obey all laws, orders, rules and regulations of the probation department, the state of California or any state [in which] the Defendant resides" and appellant was not to "own, use or possess any dangerous or deadly weapons." Presumably, appellant was given a copy of the conditions of his probation as he left the courtroom after the plea proceedings. Even if he were not given a copy of the minute order, his trial counsel and his probation officer would have explained to him the terms and conditions of his probation and that appellant was expected to "obey all laws" regardless of where he resided.

b. *The analysis*.

At the outset, appellant's contention a violation of federal law does not violate the condition that he "obey all laws" is meritless. A violation of federal, as well as state, law permits the finding a defendant is in violation of a condition of probation he "obey all laws." Even if the trial court was not clear at the time of the plea about this condition, appellant was continued on probation numerous times on the same terms and conditions. The conditions of his probation would have been spelled out for him again and again. The complaint is disingenuous. Appellant was well aware of the proscription he "obey all laws," and that the prohibition included violations of federal law.

Insofar as appellant is attempting to claim the evidence underlying his federal offense is insufficient to support a finding he violated the federal law, title 18 United States Code section 922(j), and thereby violated probation, he cannot prevail. Even if appellant pled guilty to the federal offense of possessing a stolen firearm in a negotiated plea and did not admit a factual basis for the plea (*North Carolina v. Alford* (1970) 400 U.S. 25, 37-38; *People v. West, supra*, 3 Cal.3d 595), the absence of guilt has no effect on the use of the resulting conviction as evidence in other criminal actions. The effect of such pleas are the same as that of a plea of guilty for all purposes. (§ 1016, subd. (3); *People v. Rauen* (2011) 201 Cal.App.4th 421, 425-426.)

14

5. *Appellant contends the trial court abused its discretion by sentencing appellant to state prison for a term of 25 years to life, in lieu of continuing him on probation.*

   a. *Background.*

On March 7, 2013, when his probation violation hearing was held, appellant was age 56. During the proceedings, the trial court said it had read all the moving papers submitted to it, including the police reports underlying the recent pleas to the federal and local offenses, and the letters submitted by appellant. Appellant's moving papers included material on appellant's medical condition, which included information appellant had diabetes, severe arthritis and a blood disorder. He claimed to be losing his sight. It listened to the argument of counsel and to appellant's personal statement. It stated it had read and considered the supplemental probation report prepared for March 7, 2013, hearing, which contained the probation officer's recommendation for a six-month jail term, with credit for time served, and for an order continuing appellant on probation. The supplemental probation report noted, apart from appellant's recent conviction in federal court, appellant also had been convicted recently in Missoula County of the Montana misdemeanor offense of criminal trespass.

Trial counsel recited the history of appellant's two unrelated cases, arguing the prosecutors had repeatedly exaggerated the seriousness of appellant's misconduct, subjected appellant to the false accusations of jail house informants and many times had brought appellant back to California for probation violation proceedings that were dismissed or only resulted in continuing him on probation. Trial counsel urged the misconduct underlying his federal offense was de minimus. He asserted the federal judge's lenient sentence of supervised release with three months of house arrest as an example of how in the state of Montana, his misconduct was not considered to be as serious as it was in California.

The prosecutor argued appellant was not amenable to probation. The new conviction was for a serious offense, which if prosecuted in California would have required appellant to be imprisoned as a Three Strikes offender. (§§ 667, 1170.12.)

15

Considering the nature of the conspiracy conviction, his new federal conviction proved, even in the isolated wilds of Montana, appellant would continue to violate the law.

Appellant personally explained to the trial court he had possessed his neighbor's firearm briefly and only in defense of his pets, several of which had been killed by a pack of wolves that had a den near his residence and were intent on feeding their puppies. The relevant Montana police reports contained appellant's statements to a deputy sheriff claiming the neighbor had forgotten she gave him the firearm and did merely loan it to him. The reports also contained appellant's explanation the neighbor had given appellant the other items of property he had removed from her residence in her absence.

The trial court indicated it had read the motions submitted to it, as well as the probation report. It said it had perused the entire court file. It then ruled appellant had failed to obey all laws and had violated the term of probation he not possess dangerous or deadly weapons. The trial court said considering appellant's criminal record, it had determined it was inappropriate to reinstate probation. It was sentencing appellant to state prison. The trial court stated the following reasons for its decision.

The charge to which appellant pled guilty, conspiracy to commit murder, was a serious charge. At the same time, in the unrelated case, appellant had pled guilty to other serious charges of solicitation to commit murder, assault and bribery of a witness. The trial court had listened to all of trial counsel's comments with respect to putting appellant's misconduct into the proper context. Nevertheless, the trial court had concluded the new conviction was extremely serious.

Appellant had been made aware at the time of the plea he was not under any circumstances to possess a firearm. An earlier probation violation had resulted in appellant continuing on probation, but that earlier trial court had advised appellant a further violation would result in the imposition of the mandatory prison term for the instant conviction. Several other of the claimed probation violations were trivial or nonexistent. The instant violation, however, is not trivial. Appellant had other choices available to him to protect his pets. Resorting to the use of the firearm was unnecessary.

16

As for the favorable recommendation by the probation officer, the trial court disagreed with the recommendation. It found, given the nature of the conspiracy charge, appellant was not amenable for probation.

The trial court formally revoked probation and imposed the mandatory 25-years-to-life term for the conspiracy to commit murder.

b. *The analysis*.

Appellant contends the trial court abused its discretion by revoking probation and imposing the mandatory state prison term. He argues: (1) by permitting Montana to supervise him, California had essentially relinquished authority over him; (2) he is a "medical mess," and it will cost the state $40,000 a year to house him in California; (3) the particular deputy district attorney involved in the probation violation proceedings has improper motives for proceeding with the probation violation proceedings -- the deputy district attorney is mistakenly relying on fabricated evidence by jail house informants and a claim appellant solicited Deputy District Attorney Walt Lewis's death; and (4) the California authorities should have permitted appellant to be judged by local Montana standards, where community values dictate appellant's firearm violation is de minimus.

"The decision to revoke probation does not trigger automatic consequences. . . . [T]he trial court has the option to reinstate probation on the same or modified terms, or to terminate probation and commit the probationer to prison. [Citation.]" (*People v. Jones* (1990) 224 Cal.App.3d 1309, 1315.) Once a probation violation occurs, the trial court has broad discretion in deciding whether to continue or revoke probation. (*People v. Angus* (1980) 114 Cal.App.3d 973, 987.) The court may not act arbitrarily or capriciously and must act on the facts before it. (*Id*. at pp. 987-988.)

A reviewing court cannot disturb the trial court's exercise of discretion unless the decision is abusive or arbitrary. Only in the most extreme of cases should an appellate court interfere with the discretion of the trial court in the matter of revoking probation. And the burden is on the defense to show the abuse of discretion. (*People v. Urke* (2011) 197 Cal.App.4th 766, 773.)

The trial court had discretion to consider appellant's criminal record as it stood at the time of his 1997 pleas of guilty. Inter alia, in 1997, appellant had suffered two prior convictions for soliciting murder, convictions for robbery and felonious assault, and the instant conviction for engaging in a conspiracy to commit murder. His convictions in the unrelated case involved theft and/or fraud. During the probation violation proceedings, appellant admitted he had suffered the federal conviction for possessing a stolen firearm. The supplemental probation report demonstrated appellant had a recent trespass conviction arising from removing a neighbor's property while she was absent. The facts underlying the violation as disclosed in his moving papers indicated he had possessed two different rifles, one of which had been loaned to him by his neighbor, but never returned. He sold that firearm to a pawnbroker. He had possessed the other firearm, which was given to him by a friend, and he sold that firearm to another pawnbroker.

This court cannot say, given the seriousness of the instant conspiracy conviction and other charges to which he pled guilty in 1997, that imposing the mandatory state prison term on appellant after he was discovered in possession of at least one firearm amounts to an abuse of discretion. The trial court reasonably concluded appellant's recent law violations indicated appellant was an inappropriate candidate for the reinstatement of probation. (Cf. *People v. Pennington* (1989) 213 Cal.App.3d 173, 176-177 [" 'that probation is not appropriate' " is a sufficient basis for refusing to reinstate probation following revocation of probation and a sufficient statement of reasons for the trial court's sentencing choice].)

As for appellant's other claims of error in this contention, they are either extraneous to whether the trial court properly exercised its discretion or they lack support in the record.

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


KLEIN, P. J.

We concur:



KITCHING, J.



EDMON, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.