Filed 12/29/14  P. v. Riley CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JUSTIN MICHAEL RILEY,<br><br>        Defendant and Appellant. | C075743<br><br>(Super. Ct. Nos. CRF12227, CRF13316) |

Appointed counsel for defendant Justin Michael Riley asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

## I

### *Factual and Procedural History*

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

On May 5, 2012, at approximately 1:00 a.m., defendant broke into a shed at a gasoline service station (owned by Gaurav T.) and smashed several windows of an accountancy office (operated by Deborah B. in a building owned by Gaurav T.) and the

windshield of an ambulance (owned by Bi-County Ambulance) using a metal rod. He also ransacked, took items from, and lit a fire in the accountancy office.

Defendant was charged in case No. CRF12227 with second degree burglary (Pen. Code, § 459[1]; count 1) and three counts of vandalism (§ 594, subd. (b)(1); counts 2-4). He pled no contest to count 1 in exchange for dismissal of counts 2 through 4 with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754 and the understanding he would be granted a probation term of two to five years, including up to one year in county jail. As a term of the plea, defendant acknowledged if he violated probation he could be sentenced to prison for a term of three years. The trial court accepted the plea and granted defendant probation for five years. It imposed the usual statutory fines and fees and ordered defendant to pay victim restitution in the following amounts: to Gaurav T., $4,750 plus a 10 percent collection fee; to Deborah B., $6,500 plus a 10 percent collection fee; and to Bi-County Ambulance, $12,743.99 plus a 10 percent collection fee. The court advised defendant he was entitled to a formal restitution hearing.

While defendant was on probation in the above case, officers contacted him after receiving reports he was harassing citizens. Defendant refused to submit to the officers' attempts to search him as required by the terms of his probation. When the officers attempted to handcuff him, defendant tried to turn away, threatened to kill the officers, and continued to resist the officers' attempts to search him. In the process of restraining defendant, one officer suffered a sprained ankle.

Defendant was charged in case No. CRF13316 with attempting, by means of threat or violence, to deter or prevent an officer from performing a lawful duty, or knowingly resisting, by use of force or violence, an officer in the performance of his or her duty (§ 69; count 1). Defendant pled no contest in exchange for a stay of sentencing to complete a six-month treatment program and a conditional grant of probation following

---

[1]     Undesignated statutory references are to the Penal Code.

2

successful completion of the program. In light of defendant's plea in case No. CRF13316, the trial court found defendant violated his probation in case No. CRF12227, and revoked and reinstated defendant's probation in that matter. The trial court expressly advised defendant if he failed to complete the program, he could be imprisoned for both resisting an officer and burglary.

In accordance with his plea, defendant entered an approved program on November 19, 2013, and was terminated from the program about a week later. The trial court refused to reinstate probation, finding defendant's behavior towards the peace officers in case No. CRF13316 was "egregious" and "horrific," his conduct was "escalating" in violence, and he failed to comply with the probation requirements. Thus, the trial court sentenced defendant to serve three years (the upper term) for second degree burglary (case No. CRF12227; count 1) and a concurrent term of three years (the upper term) for resisting an officer (case No. CRF13316; count 1). The court imposed the previously suspended probation revocation fine in case No. CRF12227, imposed standard statutory fines in case No. CRF13316, and awarded defendant presentence custody credits in both cases.

Defendant appealed without a certificate of probable cause.

## II

### *Contentions on Appeal*

Appointed counsel filed an opening brief that sets forth the facts of the case and asked this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.

Defendant filed a supplemental brief that (1) disputes the facts underlying his convictions and probation violation finding, (2) argues trial counsel provided ineffective assistance in convincing him to plead no contest in both cases, (3) claims the victims' restitution awards are excessive, and (4) contends his sentence was harsh in light of his

3

positive performance while on probation and his lack of a prior criminal record. As we explain below, all these claims are forfeited.

Defendant's factual disputes are not cognizable on appeal due to defendant's no contest pleas and failure to obtain a certificate of probable cause. "[A] guilty [or no contest] plea constitutes an admission of every element of the offense charged and constitutes a conclusive admission of guilt. [Citation.] It waives a trial and obviates the need for the prosecution to come forward with any evidence. [Citations.] A guilty plea thus concedes that the prosecution possesses legally admissible evidence sufficient to prove defendant's guilt beyond a reasonable doubt. Accordingly, a plea of guilty waives any right to raise questions regarding the evidence, including its sufficiency or admissibility, and this is true whether or not the subsequent claim of evidentiary error is founded on constitutional violations. [Citation.] . . . [¶] A guilty plea also waives any irregularity in the proceedings which would not preclude a conviction. [Citation.] Thus irregularities which could be cured, or which would not preclude subsequent proceedings to establish guilt, are waived and may not be asserted on appeal after a guilty plea. [Citation.] In other words, by pleading guilty the defendant admits that he [or she] did that which he [or she] is accused of doing and he [or she] thereby obviates the procedural necessity of establishing that he [or she] committed the crime charged. In short, a guilty plea 'admits all matters essential to the conviction.' " (*People v. Turner* (1985) 171 Cal.App.3d 116, 125-126, fn. omitted.)

Similarly, defendant's challenge to the validity of his plea on the basis of ineffective assistance of counsel is not cognizable on appeal. (*In re Chavez* (2003) 30 Cal.4th 643, 651.) By entering a plea of no contest, defendant has forfeited any and all claims challenging his guilt or plea.

Defendant's challenge to the restitution order is forfeited due to his failure to object, seek a restitution hearing, or present any evidence in the trial court. Defendant claims the restitution order is excessive because "[there] is no way the costs could be that

4

high for two broken windows. . . . The damages can't be more than [$]6,000 installed the next day." The victims submitted itemized and detailed estimates of repairs to the probation department in the amounts ultimately awarded by the trial court. These estimates establish a prima facie showing of economic loss. (See *People v. Millard* (2009) 175 Cal.App.4th 7, 26.) Upon that showing, " 'the burden shifts to the defendant to demonstrate that the amount of the loss is other than that claimed by the victim[s].' " (*Ibid.*) "[T]o do so, [the defendant] may submit evidence to prove the amount claimed exceeds the repair or replacement cost of damaged or stolen property." (*People v. Gemelli* (2008) 161 Cal.App.4th 1539, 1543.) Here, defendant did not request a restitution hearing, did not object to the restitution award, and did not present any evidence rebutting the prima facie evidence of the victims' losses. Thus, defendant has forfeited this challenge on appeal. (*People v. Garcia* (2010) 185 Cal.App.4th 1203, 1218.)

Finally, defendant contends his sentence was excessive because he performed well on probation and did not have prior convictions. This contention fails for three reasons. First, defendant's failure to object to the sentence in the trial court forfeits this contention for purposes of this appeal. (*People v. Scott* (1994) 9 Cal.4th 331, 354.) Second, defendant misconstrues the record. Though defendant did not have prior felony convictions, he did have several misdemeanor convictions and numerous probation violations. Moreover, in selecting the upper term for both the burglary (§ 459; CRF12227) and resisting an officer (§ 69; CRF13316), the trial court considered the factors in aggravation and mitigation, and decided the factors in aggravation outweighed those in mitigation. (Cal. Rules of Court, rules 4.420, 4.421, 4.423.) As to aggravating factors, the trial court considered that there was a "huge amount of loss" associated with the burglary, the resisting occurred while defendant was still on probation in the burglary case, defendant's performance on probation was unsatisfactory, his convictions were of increasing seriousness, defendant engaged in assaultive conduct, and defendant had

shown a lack of remorse. The court found "[d]e minimis or no mitigating factors." Third, on this record, the trial court did not abuse its discretion by imposing the upper terms for both counts. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847 [trial court's election of the lower, middle, or upper term reviewed for abuse of discretion].)

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


     HOCH     , J.


We concur:


    NICHOLSON   , Acting P. J.


     DUARTE    , J.

6