Filed 1/27/16  P. v. Morales CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062734 |
| v. | (Super.Ct.No. FSB1204501) |
| STEPHEN MORALES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Brian S. McCarville, Judge.  Affirmed.

Rex Adam Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr., and Quisteen S. Shum, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Stephen Morales was charged by felony complaint with second degree commercial burglary. (Pen. Code,[1] § 459, count 1.) The complaint also alleged that defendant had served two prior prison sentences. (§ 667.5, subd. (b).) Pursuant to a plea agreement, defendant pled guilty to count 1. The parties stipulated that the police reports provided a factual basis for the plea. The court dismissed the remaining allegations. In accordance with the agreement, the court then sentenced defendant to a two-year split sentence and released him on mandatory supervision. (§ 1170, subd. (h).) The court later revoked defendant's mandatory supervision after finding that he violated its terms. The court then imposed the previously suspended sentence of two years in state prison.

Defendant filed a petition for resentencing pursuant to section 1170.18 (Proposition 47). The court found him ineligible for relief and denied the petition. Defendant now appeals from the denial of his petition for resentencing. We affirm.

## FACTUAL BACKGROUND[2]

On October 7, 2012,[3] about 2:00 p.m., police officers responded to a silent alarm at an elementary school, where they saw a male sitting at a table near a classroom. The officer asked if anyone was inside, and he responded affirmatively. Defendant then came

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

[2] The facts are taken from the probation officer's report.

[3] We note that the probation report states the burglary occurred on July 7, 2012. However, the felony complaint alleges the burglary occurred on October 7, 2012.

2

quickly out of a door. Another male was found inside the building wearing a pair of athletic socks, as if they were gloves. Inside the classroom, storage cabinets had been rummaged through, and there were items on the ground. There was a backpack on a desk with a printer inside of it. There was also a 50-gallon trash bag that contained the classroom stereo, tapes, a CD player, and a speaker system.

## DISCUSSION

### The Court Properly Found Defendant Ineligible for Relief Under Proposition 47

Defendant argues that the court erred in denying his Proposition 47 petition, claiming that the record establishes he was guilty of shoplifting (§ 459.5) and not commercial burglary (§ 459), "as there was no allegation or admission of an intent to take property exceeding $950 in value or entry outside of normal business hours." We conclude that the court properly denied defendant's petition.

A. *Relevant Law*

On November 4, 2014, voters enacted Proposition 47, and it went into effect the next day. (Cal. Const., art. II, § 10, subd. (a).) "Proposition 47 makes certain drug-and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) "Proposition 47 also created a new resentencing provision: section 1170.18. Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition

3

47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47." (*Id.* at p. 1092.) Proposition 47 added section 459.5, the crime of shoplifting, as a misdemeanor. (*People v. Contreras* (2015) 237 Cal.App.4th 868, 890; §§ 459.5, 1170.18, subd. (a).)

B. *Defendant Failed to Establish His Eligibility for Relief*

Defendant admits that he pled guilty to second degree commercial burglary, yet argues that "the People failed to establish [that his] plea was to a commercial burglary rather than shoplifting within the meaning of section 459.5." He specifically asserts that "[n]othing in the charging documents or the guilty plea itself establishes an entry into the establishment outside of normal business hours or an intent to take property valued at more than $950." Defendant appears to be arguing that the prosecution failed to show that his offense was *not* shoplifting. He concludes that, "[c]onsequently, the record of conviction established [] shoplifting under section 459.5, but not a commercial burglary under section 459." Defendant's claim is meritless.

First, defendant was charged with second degree commercial burglary (§ 459), not shoplifting (§ 459.5).{ct 1} Section 459 provides that "[e]very person who enters any house, room, . . . or other building, . . . with intent to commit grand or petit larceny or any felony is guilty of burglary." On the other hand, section 459.5 provides that "shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950)."

4

(§ 459.5.)  The record shows that defendant pled guilty to second degree commercial burglary.  (§ 459.)  "[A] guilty plea constitutes an admission of every element of the offense charged and constitutes a conclusive admission of guilt.  [Citation.]  It waives a trial and obviates the need for the prosecution to come forward with any evidence."  (*People v. Turner* (1985) 171 Cal.App.3d 116, 125.)  Thus, the record of conviction establishes that defendant was guilty of second degree commercial burglary.  (§ 459.)

Second, defendant failed to establish eligibility for resentencing under section 1170.18.  "[A] petitioner for resentencing under Proposition 47 must establish his or her eligibility for such resentencing."  (*People v. Sherow* (2015) 239 Cal.App.4th 875, 878.)  Thus, defendant had the burden of showing that the offense of which he was convicted qualified as shoplifting under the definition contained in the newly enacted section 459.5.  Specifically, he had to show the value of the property taken or intended to be taken did not exceed $950, and that he entered a commercial establishment while it was open during regular business hours.  (§ 459.5.)  He did not provide any supporting documentation with his petition and did not cite to the record or other evidence.  In other words, defendant simply failed to satisfy his burden to show that he was eligible for relief.

We further note that, as discussed above, "shoplifting" is defined as "entering *a commercial establishment* with intent to commit larceny *while that establishment is open during regular business hours,* where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950)."  (§ 459.5, subd. (a), italics

5

added.)  The probation report reflects that the offense here involved defendant entering a school classroom to steal items of school property.  Moreover, the offense was alleged to have occurred on October 7, 2012, which was a Sunday.[4]  Thus, the record reflects that defendant did not enter a commercial establishment that was open during regular business hours.  (§ 459.5.)

We conclude that the court properly denied defendant's Proposition 47 petition.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST  
Acting P. J.

We concur:

KING  
J.

MILLER  
J.

---

**4** By order filed on September 14, 2015, this court took judicial notice of the fact that October 7, 2012, was a Sunday.  (Evid. Code, §§ 452, subds. (g), (h).)

6